[Civ. No. 25575. Third Dist. May 28, 1986.]

In re KENT W., a Minor.
THE PEOPLE, Plaintiff and Respondent, v.
KENT W., Defendant and Appellant.

**COUNSEL**

Laloni A. Montgomery, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, W. Scott Thorpe and Michael J. Weinberger, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**CARR, J.**—Appellant, a minor, appeals from an order sustaining an allegation that he committed an attempt to unlawfully set a fire (Pen. Code, §§ 452, 664; all further statutory references are to this code). We conclude this is not a crime in California and shall reverse.

### DISCUSSION

This case turns on the question of intent. There is no dispute concerning the facts underlying the charge. The minor lit a paper towel that was

protruding from the ventilation slots on the front of a gym locker. The only question on appeal is whether when the fire fizzles out and the locker remains unscorched, the minor may be found to have committed an attempt to unlawfully cause a fire. (§§ 452, 664.)

Section 452 states: "A person is guilty of unlawfully causing a fire when he recklessly sets fire to or burns or causes to be burned, any structure, forest land or property."

"Recklessly" is defined in section 450, subdivision (f) as meaning "a person is aware of and consciously disregards a substantial and unjustifiable risk that his or her act will set fire to, burn, or cause to burn a structure, forest land, or property." In this case, we do not have a successful burning and therefore the minor was charged with attempting to violate section 452. (§ 664.) ■ "An attempt to commit a crime consists of two elements, namely, a specific intent to commit the crime, and a direct but ineffectual act done toward its commission." (CALJIC No. 6.00; accord *People* v. *Broussard* (1977) 76 Cal.App.3d 193, 197 [142 Cal.Rptr. 664]; see also Perkins on Criminal Law (3d ed. 1982) pp. 637-642.)

In *Broussard,* the defendant was acquitted of attempted murder and voluntary manslaughter but found guilty of attempted involuntary manslaughter. (76 Cal.App.3d at p. 196.) Analyzing the target offense of manslaughter, the Court of Appeal concluded "Involuntary manslaughter is thus inherently an unintentional killing." (*Id.,* at p. 197.) The court reasoned "An 'attempt' to commit involuntary manslaughter would require that the defendant intend to perpetrate an unintentional killing—a logical impossibility. This conclusion is supported by the commentators: 'One does not attempt to commit a crime by negligently endangering the person or property of another however great the danger or extreme the negligence.' [Citation.] '[T]here can be no attempt to commit involuntary manslaughter. The consequence involved in that crime is the death of the victim and an act done with intent to achieve this, if an attempt at all, is attempted murder. It is of the essence of involuntary manslaughter that the consequence be produced either recklessly or negligently, but not intentionally." (*Ibid.*)

■ Applying this reasoning to the crime of unlawfully causing a fire, we note it too is a crime which by definition must be committed recklessly. It follows that a violator of section 452 must not intend to cause the burning of property, just as the perpetrator of the involuntary manslaughter does not intend to kill. If he does not intend to cause the proscribed result, may he ever commit an attempt? Not if an attempt requires the intent to commit the target offense. To have that intent, he must (1) intend to cause a fire and (2) intend to unintentionally cause burning of property. Just as in

*Broussard*, it is a logical impossibility to intend an unintentional result. We conclude there can be no attempt to commit a violation of section 452.

■ An interesting question remains as to whether the minor may now be charged with any other offense arising out of this same transaction. In *Broussard*, the court divided the potential charges defendant might face into two basic categories: those of which he was impliedly acquitted and those of which he was not. Murder and involuntary manslaughter were barred by the double jeopardy provisions of both the state and federal Constitutions because the jury had expressly acquitted him of those charges. (*Id.*, at p. 198.) Further prosecutions for necessarily included offenses of those two crimes were also barred by both constitutional double jeopardy prohibitions and the statutory prohibition of section 1023. (*Ibid.*)

A different question was presented by offenses that arose out of the same incident but were not barred by double jeopardy. For example, in *Broussard* defendant might have been charged with assault with a deadly weapon. (At pp. 198-199.) The court held further prosecutions for other offenses arising out of the same act or course of conduct were barred under the rule announced in *Kellett* v. *Superior Court* (1966) 63 Cal.2d 822 [48 Cal.Rptr. 366, 409 P.2d 206]. (*Broussard, supra,* at p. 199.) In *Kellett,* the Supreme Court held sections 654 and 954 of the Penal Code barred subsequent prosecutions for offenses arising out of the same act or course of conduct for which a defendant has already once been tried and acquitted, even if the offense is not barred by double jeopardy. (*Kellett, supra,* 63 Cal.2d at p. 827.)

The court in *Broussard* held defendant could not be charged with assault with a deadly weapon as he had been acquitted of attempted murder arising out of the same course of conduct. (*Broussard, supra,* at p. 199.)

We are faced with a different factual background from *Broussard*. The minor was charged only with the offense found true by the juvenile court, attempting to unlawfully cause a fire. Unlike *Broussard*, the minor has never been "acquitted" of any offense. This factor eliminates double jeopardy considerations in this case as there is no actual offense, with actual lesser included offenses, of which the minor has been acquitted. Nor does the minor fit within the *Kellett* rule. In *Broussard*, the *Kellett* rule applied not because defendant had been convicted of the nonexistent offense of attempted involuntary manslaughter but because he had been acquitted of attempted murder. (76 Cal.App.3d at p. 199.) The minor herein has never been "acquitted" of an actual offense, he is still liable for prosecution for an actual crime. (See generally *Morris* v. *Mathews* (1986) 475 U.S. 237 [89 L.Ed.2d 187, 106 S.Ct. 1032].)

In view of our holding, we need not reach the minor's remaining contentions.

The order is reversed and the juvenile court ordered to dismiss the petition.

Evans, Acting P. J., and Sims, J., concurred.