[No. C003594. Third Dist. Aug. 29, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
RONALD BEAN, Defendant and Appellant.

In re RONALD BEAN on Habeas Corpus.

**COUNSEL**

Frank Offen, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart and Steve White, Chief Assistant Attorneys General, Arnold O. Overoye, Assistant Attorney General, Gary A. Binkerd, Maureen A. Daly and George M. Hendrickson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**CARR, Acting P. J.**—Defendant was charged with burglary and petty theft with a prior conviction.[1] It was alleged he had served a prior prison term for the prior conviction which underlay the section 666 charge. (§ 667.5, subd. (b).) The parties entered into a plea bargain: Defendant was to plead guilty to attempted petty theft with a prior and the court would try the validity of the prior conviction enhancement and entertain defendant's motion to strike the enhancement. This bargain was implemented. The court denied the motion to strike. The court imposed one-half the upper term of three years (§ 664) and stayed any punishment for the enhancement. The court later vacated the sentence, reimposed half the upper term and refused to stay the enhancement.

As required at the time in question, defendant obtained a certificate of probable cause and raised several issues on appeal. According to defendant he was paroled on February 23, 1988, and his parole was revoked on January 11, 1989. After exhausting his administrative remedies he petitioned for a writ of habeas corpus, contending he was entitled to certain time credits and that his conviction was invalid, the principal contention asserted in his appeal. We consolidated the petition with the appeal and issued an order to show cause. We agree that his conviction was invalid and the judgment must be reversed. We therefore do not reach the other contentions raised in the appeal.

### FACTS

The factual basis of the plea established defendant tried to steal a video-cassette recorder from a Sears store on July 25, 1985. He had previously been convicted of petty theft and burglary in 1978. Pursuant to the plea bargain defendant pleaded guilty to attempted petty theft with a prior conviction as a lesser included offense of the petty theft charge and the burglary count was dismissed. In a court trial, the court found the prior conviction enhancement to be true and denied defendant's motion to strike the enhancement.

---

[1] Penal Code sections 459, 666; further statutory references are to this code.

## DISCUSSION

■■ Defendant's claim is refreshingly simple: "[Defendant] was convicted of a non-crime." This claim has merit.

Defendant pleaded guilty to attempted petty theft with a prior conviction. There is a crime of attempted petty theft.[2] There is a crime of petty theft with a prior conviction.[3] But the Legislature thus far has not made attempted petty theft with a prior conviction a crime, as an examination of the controlling statute demonstrates.

At the time of defendant's crime section 666 provided: "Every person who, having been convicted of petit theft, grand theft, burglary, or robbery and having served a term therefor in any penal institution or having been imprisoned therein as a condition of probation for such offense, *is subsequently convicted of petit theft,* then the person convicted of such subsequent offense is punishable by imprisonment in the county jail not exceeding one year, or in the state prison." (Italics added; Stats. 1977, ch. 296, § 1, p. 1196.) ■■ ■■ ■ ■  To be in violation of the section 666 one must: 1) bear the status of having been convicted of one of the specified offenses; 2) have served a defined term therefor; and 3) be "subsequently convicted of petit theft. . . ."[4]

■ In determining the scope of section 666, it is settled that we first must look to the language of the statute. We are required to give effect to the usual, ordinary meaning of the language of the statute and when the statutory language is clear and unambiguous, we should not engage in construction and interpretation. Our function is to follow the plain language of the statutes.[5] (*People* v. *Belleci, supra,* 24 Cal.3d 879, 884; *Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 198 [137 Cal.Rptr. 460, 561 P.2d 1148].)

---

[2] The crime of theft "is divided into two degrees, the first of which is termed grand theft; the second, petty theft." (§ 486.) Numerous statutes specify conduct which raises theft to grand theft. The statutes spell petty theft "petit" theft on occasion, but this variant has no substantive significance.

[3] Section 666.

[4] None of these elements is capable of being attempted. "To constitute an attempt, there must be (a) the specific intent to commit the crime, and (b) a direct ineffectual act done towards its commission." (1 Witkin & Epstein, Cal. Criminal Law (2d ed. 1988) Elements of Crime, § 143, p. 160.)

One cannot "attempt" to have been convicted of an offense, or have served a term therefor, or to be *convicted* of petit theft.

[5] An exception not applicable to this case is when following the plain meaning would frustrate the manifest purposes of legislation as a whole or lead to absurd results. (See *People* v. *Belleci* (1979) 24 Cal.3d 879 at p. 885 [157 Cal.Rptr. 503, 598 P.2d 473].)

The plain meaning of section 666 is that a person must be "convicted of petit theft" after suffering a prior conviction of petty theft, grand theft, burglary or robbery and be imprisoned for such prior conviction. Defendant did not plead to and was thereby not convicted of petty theft. He pleaded to and was convicted of attempted petty theft with a prior.

The Legislature could have listed attempted petty theft (or any other crime) which would bring persons of the specified onerous status within the statute's reach upon commission or conviction. The Legislature, however, specified only persons who are convicted of petty theft are subject to the increased punishment provided by section 666.

In opposition to defendant's claim, the People make two contentions. First the People construe defendant's assertion as a claim to have pleaded guilty only to a misdemeanor. "Properly understood" say the People, "his argument is that attempted petty theft with a prior conviction is not a *felony* because a violation of Penal Code section 666 can not be the subject of an attempt under Penal Code section 664." (Italics added.) We believe the People misunderstand defendant's argument. That argument is that he did not plead guilty to attempted petty theft (a misdemeanor) and then admit a prior conviction but pleaded guilty to attempted petty theft with a prior, a noncrime.

Second, it is the People's position that existence of a valid or invalid attempt to commit a violation of section 666 turns on whether the section is an "element" statute or an enhancement statute. If it is an "element" statute, it is a substantive offense and necessarily is capable of being attempted. The People assert that section 666 offenses are substantive offenses and ergo, an attempted violation of section 666 is a crime.[6]

The People have cited us to no cases, apposite or otherwise, that the proffered legal theory has any authoritative basis. The cases cited, *People* v. *Delaney* (1874) 49 Cal. 394, 395 and *People* v. *Bennett* (1987) 188 Cal.App.3d 911, 913-915 [233 Cal.Rptr. 729], hold only that a prior conviction is an element of the crime under section 666 and must be factually charged and proven. *People* v. *Bennett, supra,* holds that since the passage of article I, section 28, subdivision (f) of the California Constitution this must

---

[6]The People further misconstrue defendant's reliance on *People* v. *White* (1987) 188 Cal.App.3d 1128 [233 Cal.Rptr. 772] in which this court held defendant was improperly sentenced as an habitual criminal under section 667.7. Defendant's prior felony of attempted robbery was not among the felonies listed in section 667.7 as "the Legislature did not include attempts among the felonies in section 667.7." (*Id*. at p. 1134.)

The *White* case, *supra,* was simply analogous to the instant case in which the Legislature did not include conviction of an attempted petty theft as a crime calling for greater punishment.

be done in open court. Such cases are simply irrelevant to the issue presented herein. Certainly a prior conviction for one of the enumerated offenses is an element of the crime under section 666. But the other essential element completely disregarded by the People is that there must also be a current *conviction of petty theft.*

The untenable nature of the People's assertion that an "element" statute is a substantive offense and necessarily capable of being attempted is demonstrated by any number of substantive crimes which cannot be attempted. Assault and involuntary manslaughter are substantive offenses which are not capable of being attempted. (*In re James M.* (1973) 9 Cal.3d 517 [108 Cal.Rptr. 89, 510 P.2d 33]; *People* v. *Broussard* (1977) 76 Cal.App.3d 193 [142 Cal.Rptr. 664]. See also *In re Kent W.* (1986) 181 Cal.App.3d 721 [226 Cal.Rptr. 512] [reckless causing of a fire cannot be attempted].) As determined *post,* even assuming section 666 is an "element" statute, one of the elements of the crime is a present conviction of petty theft. It is not the commission of the petty theft but the *conviction* which triggers the more onerous sentencing provisions of section 666.

In a supplemental reply brief defendant asserts he pleaded guilty only to attempted petty theft. The record does not support this contention. Before the plea was taken his attorney described it as a "plea of guilty to a lesser included reasonably related offense of violation of *attempted petty theft with a prior conviction,* with the further understanding that the Court will transfer [a pending] motion to strike the enhancing allegation of the one year enhancement for the prior conviction." (Italics added.) The People explained their reason for the plea thus: "Your Honor, the plea to an *attempted 666, petty theft with a prior,* I think is an accurate reflection of what occurred on July 25. [¶] As he is pleading to that offense I think it will allow the Superior Court sufficient latitude in sentencing under those terms." (Italics added.) Counsel stated he had explained the crime to defendant and defendant stated he understood.

Defendant was told he could be sentenced to 18 months for the crime and to an additional year for the prior enhancement. The court obtained the waivers required by *Boykin* v. *Alabama* (1969) 355 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709] and *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449]. The court asked "Have you been threatened to cause you to offer to plead guilty to the *attempted petty theft?*" (Italics added.) When the plea was finally taken the court asked: "Sir, you are charged in information 076424 in Count One with violation of Penal Code section 459. What is your plea to the lesser, reasonably related charge of a violation of Penal Code Section 666—664/666, *attempted petty theft* committed in this County on July 25th, 1985? [¶] What is your plea?" (Italics added.)

Defendant points to these two last excerpts as showing he pleaded guilty only to attempted petty theft. We disagree. The proceedings read as a whole demonstrate the plea was to "attempted petty theft with a prior," believed by the parties to be a felony. Though the court employed a shorthand method of referring to the code section "664/666," we do not believe the nature of the plea was misunderstood. Defendant pleaded to a nonexistent crime of attempted petty theft with a prior.

We next determine the effect of our conclusion on the judgment herein. Defendant contends he must be allowed to withdraw his plea but that his conviction should be modified to attempted petty theft, a misdemeanor. Neither of these assertions is sound.

Modifying defendant's conviction to one of attempted petty theft would deny the People their bargain. (*In re Troglin* (1975) 51 Cal.App.3d 434, 439 [124 Cal.Rptr. 234].) Obviously the intent of the parties was to expose defendant to the possibility of a state prison sentence. The prosecutor recommended the plea because ". . . I think it will allow the Superior Court sufficient latitude in sentencing under those terms." The court warned defendant he could be imprisoned for 18 months, apart from the section 667.5 enhancement. It would be improper to reduce the sentence to a misdemeanor.

To allow defendant to withdraw the plea would imply he had the ability to *decline* to withdraw the plea, which he does not. This plea was defective *ab initio*. It should never have been entered. Our duty is to nullify it entirely.

The People seem to concede they cannot seek greater punishment: "In the instant case, the only way to approximate the original plea bargain would be to permit appellant to plead guilty to attempted burglary with the understanding that the finding that the prior conviction is true would remain intact." If the People wish to limit themselves to seeking an equivalent sentence they are free to do so. They are not required to be so merciful.

In *People* v. *Henderson* (1963) 60 Cal.2d 482 [35 Cal.Rptr. 77, 386 P.2d 677] the court held defendant was erroneously sentenced to death because the court's instructions deprived him of a jury trial on the central question in the case. (*Id*. at p. 494.) The court also held the People could not seek the death penalty on retrial because: "A defendant's right of appeal from an erroneous judgment is unreasonably impaired when he is required to risk his life to invoke that right. Since the state has no interest in preserving erroneous judgments, it has no interest in foreclosing appeals therefrom by imposing unreasonable conditions on the right to appeal." (*Id*. at p. 497.)

However, in *Henderson* "the sentence imposed after the first trial was a lawful one, . . . [¶] The rule is otherwise when a trial court pronounces an unauthorized sentence. ██ Such a sentence is subject to being set aside judicially and is no bar to the imposition of a proper judgment thereafter, even though it is more severe than the original unauthorized pronouncement." (*People* v. *Serrato* (1973) 9 Cal.3d 753, 764 [109 Cal.Rptr. 65, 512 P.2d 289], fn. omitted.)

In *People* v. *Collins* (1978) 21 Cal.3d 208 [145 Cal.Rptr. 686, 577 P.2d 1026], Collins pleaded guilty to oral copulation in exchange for the dismissal of other charges. (*Id*. at p. 211.) While Collins was in a state hospital for mentally disordered sex offenders the Legislature redefined oral copulation to decriminalize consensual oral copulation between nonprisoners. The trial court sentenced Collins despite the legislative change. (*Id*. at pp. 211-212.) Because the act to which Collins pleaded guilty was no longer a crime, the court reversed the judgment. (*Id*. at pp. 214-215.) *Collins* upheld the benefits the parties to the bargain sought by permitting the People to reinstate all of the charges against Collins, and limiting punishment on retrial to Collins's original sentence. (*Id*. at pp. 216-217.) However, the *Collins* court noted: "This is not a case in which the defendant has repudiated the bargain by attacking his guilty plea; he attacks only the judgment, and does so on the basis of external events—the repeal and reenactment of section 288a— that have rendered the judgment insupportable." (*Id*. at p. 216, fn. omitted.)

██ Unlike *Henderson* and *Collins* the judgment here was void from the beginning. There is no power in courts of this state to enact penal laws; common law crimes do not exist here. Any benefit the parties herein thought they were getting was illusory because the bargain was illegal. In *People* v. *Foley* (1985) 170 Cal.App.3d 1039 [216 Cal.Rptr. 865] we noted at page 1048 the *Collins* rule "is inapplicable where the trial court has pronounced an unauthorized sentence wholly in excess of the court's jurisdiction." We relied on *People* v. *Serrato, supra,* 9 Cal.3d 753. *Serrato* has been criticized on the ground it leads to strange results. (See *People* v. *Brown* (1987) 193 Cal.App.3d 957, 961-963 [238 Cal.Rptr. 697].) However, it has been recognized by our Supreme Court since *Collins* and remains the law. (See *In re Ricky H.* (1981) 30 Cal.3d 176, 191 [178 Cal.Rptr. 324, 636 P.2d 13].)

Having successfully overturned his bargain, defendant will be placed in the position he faced prior to any plea bargain or plea. Assuming the People wish to pursue the matter they are free to reinstate charges of burglary and petty theft with a prior conviction.

Finally we must briefly discuss the prior conviction enhancement, which was found true by the court. The People's position (as stated on page 645,

*ante*) suggests it be left intact. That cannot be done. ▮ A prior enhancement has no independent existence, it stands or falls with the substantive crimes charged in the information. ▮ Defendant has succeeded in defeating his plea to the substantive offense and the enhancement must also fall. Submitting the truth of the prior to the court was one of the conditions of the bargain. Defendant may not wish to waive his right to a jury trial on this issue without the benefit he obtained by dismissal of the charges in the information and the creation of this mythical crime. Since the finding on the enhancement allegation must be overturned we have no need to address defendant's attacks upon it.

### DISPOSITION

The judgment is reversed and the cause remanded for further proceedings consistent with the views expressed herein. The petition is dismissed as moot.

Sparks, J., and Scotland, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 22, 1989.