[No. F019645. Fifth Dist. June 27, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
ROYCE RANDALL FINLEY, Defendant and Appellant.

[Opinion certified for partial publication.*]

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of Facts and part I of Discussion.

## COUNSEL

Colleen M. Duffy, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Edmund D. McMurray and Doris A. Calandra, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THAXTER, J.**—An amended information charged appellant Royce Randall Finley with one count of attempted indecent exposure in a public place, in violation of Penal Code[1] sections 664 and 314, subdivision 1, "a felony." The information further alleged that appellant had several prior convictions for violations of section 314, subdivision 1, and that he had served prior prison terms therefor. Appellant entered a plea of not guilty. He subsequently admitted the prior convictions and prison terms.

The matter was tried before a jury, which found appellant guilty of attempted indecent exposure, "a felony." He thereafter was sentenced to the upper term of eighteen months, plus one year for each prior, for a total term of five years six months.

Appellant contends his conviction was not supported by substantial evidence. We reject that contention in the unpublished portion of this opinion. In the published portion, however, we agree with both appellant and respondent that the conviction for *attempted* indecent exposure was for a misdemeanor only, notwithstanding the prior convictions.

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

I. *The Conviction of Attempted Indecent Exposure Is Supported by Substantial Evidence**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II. *Appellant Could Not Properly Be Convicted of and Sentenced for Felonious Attempted Indecent Exposure*

■ Appellant contends he could not be convicted for more than a misdemeanor and he should be resentenced accordingly. Respondent reaches the same ultimate conclusion, but travels there by a different route. As we shall explain, we agree with the legal analysis propounded by respondent.

The problem arises because section 314, subdivision 1 prescribes no specific punishment for an *attempt* to violate its provisions, whether with or without a prior conviction.

With an exception not relevant here, a first conviction for violating section 314, subdivision 1 is a misdemeanor.[2] The second and subsequent convictions are expressly treated as felonies within section 314.

Appellant admitted he had several prior convictions for violations of section 314, subdivision 1. Thus, had he been convicted in this case of a *completed* indecent exposure, the conviction would necessarily have been a felony. He was charged and convicted, though, of only *attempting* to violate section 314.

Section 664, subdivision 1 provides that when a crime is attempted, "[i]f the offense so attempted is punishable by imprisonment in the state prison, the person guilty of such attempt is punishable by imprisonment in the state prison for one-half the term of imprisonment prescribed upon a conviction of the offense so attempted; . . ." In other words, if the crime attempted is a felony, the attempt is a felony.

Appellant relies on *People* v. *Bean* (1989) 213 Cal.App.3d 639 [261 Cal.Rptr. 784]. There, Bean was charged with the crime of petty theft with a

---

*See footnote, *ante*, page 454.

[2]A first conviction for indecent exposure is treated as a "wobbler" if committed after nonconsensual entry into an inhabited building.

prior conviction. Section 666 defines that offense as a "wobbler," chargeable either as a misdemeanor or felony: "Every person who, having been convicted of petit theft, . . . and having served a term therefor in any penal institution or having been imprisoned therein as a condition of probation for that offense, is subsequently convicted of petit theft, then the person convicted of that subsequent offense is punishable by imprisonment in the county jail not exceeding one year, or in the state prison."

Pursuant to a plea bargain, Bean pleaded guilty to *attempted* petty theft with a prior conviction, and the court sentenced him to one-half the upper term of three years.

On appeal, Bean argued that he had been "convicted of a non-crime." The appellate court agreed, finding it impossible to attempt a violation of section 666. "None of [the] elements [of section 666] is capable of being attempted. . . . [¶] One cannot 'attempt' to have been convicted of an offense, or have served a term therefor, or to be *convicted* of petit theft." (213 Cal.App.3d at p. 642, fn. 4, italics in original.)[3]

Appellant analogizes his own situation to that in *Bean*. We think he is mistaken because of a fundamental structural difference between sections 666 and 314. Section 666 *only* defines the "crime" of petty theft with a prior.[4] Section 314, on the other hand, defines the crime of indecent exposure and, in further provisions, elevates the crime from misdemeanor to felony status if the defendant has one or more prior convictions. For the reasons pointed out by the *Bean* court, one cannot be guilty of attempting to violate section 666. A person certainly can be, and appellant was, convicted of attempting to violate section 314. The jury made the factual determination that appellant attempted an indecent exposure, *not* an indecent exposure with a prior conviction. (In fact, the jury knew neither that appellant had prior convictions, nor that such convictions could affect the nature of or punishment for the offense.)[5]

We agree with respondent that "the recidivist provision of Penal Code section 314, subdivision 1, deals with enhanced punishment for repeat

---

[3]We do not see that the result in *Bean* would be affected by *People* v. *Bouzas* (1991) 53 Cal.3d 467 [279 Cal.Rptr. 847, 807 P.2d 1076], in which the Supreme Court held that "the prior conviction requirement of section 666 is a sentencing matter for the trial court and not an 'element' of a section 666 'offense' that must be determined by a jury." (*Id.* at p. 478.) Regardless of how the prior conviction requirement is characterized, as the *Bean* court pointed out, section 666 requires a "current *conviction of petty theft*." (213 Cal.App.3d at p. 644.)

[4]The actual offense of petty theft is defined in sections 484, 486, 488, and various other provisions of the Penal Code.

[5]Although the verdict form described the offense as "a felony," the jury had no instructions as to the significance of that description and we attach no importance to it. The jury was only asked to and did make the factual determinations necessary to find that appellant had attempted an indecent exposure and returned the appropriate verdict form.

offenders and does not create a new substantive offense." Thus, the reasoning in *Bean* is inapplicable. Rather, the proper question to ask is whether the recidivist provision itself applies to elevate an *attempt* at indecent exposure from a misdemeanor to a felony.

Respondent answers this question in the negative. We agree with respondent's analysis. The plain language of section 314 provides that the recidivism clause applies to "the second and each subsequent *conviction under subdivision 1 of this section, . . .*" (Italics added.) The statutory language makes no reference to convictions for *attempts* under section 664, as opposed to convictions for completed offenses under section 314, subdivision 1.

Although there are no cases directly on point, respondent analogizes to cases in which other statutes affecting sentence length were held inapplicable to attempts in the absence of express statutory language making them so applicable.

In *People* v. *Ibarra* (1982) 134 Cal.App.3d 413 [184 Cal.Rptr. 639], the defendant's sentence was enhanced pursuant to section 667.5, subdivision (a) for a prior "violent felony" conviction. The prior conviction was for an attempted murder in Texas. The appellate court held that, because section 667.5 specifically enumerated what offenses are included within its definition of "violent felonies," and because *attempts* to commit those felonies were not included within the scope of the statute,[6] the enhancement was improperly pleaded and imposed. (134 Cal.App.3d at pp. 424-425.)

In *People* v. *Le* (1984) 154 Cal.App.3d 1 [200 Cal.Rptr. 839], the defendants were convicted of various sex offenses, including attempted oral copulation in concert (§§ 664/288a). The terms for that count were enhanced pursuant to sections 667.6, subdivision (c), and 1170.1, subdivision (i). The appellate court found this improper. "Full consecutive terms and full consecutive enhancements are only authorized for violations of certain sex crimes enumerated in section 667.6, subdivision (c) and section 1170.1, subdivision (i). Although forcible oral copulation is specifically listed in section 667.6, subdivision (c), *attempted* forced oral copulation (§§ 664/288a) is not. Because attempted crimes are considered to be separate and distinct, they are not automatically included in the list of sexual offenses to which section 667.6, subdivision (c) applies. [Citations.] Furthermore, if the Legislature had intended to include attempts in the enhancement provisions, it would have specifically stated the enhancement applies to the 'commission or attempted commission' of specific crimes as it did in other enhancement

---

[6]Section 667.5 has since been amended to include attempted murder as a "violent felony." (§ 667.5, subd. (c)(12).)

provisions. (See §§ 12022, subd. (a), 12022, subd. (b), 12022.2, 12022.5, 12022.6, 12022.7.)" (154 Cal.App.3d at pp. 10-11, fn. omitted, italics in original.)

Finally, in *People* v. *White* (1987) 188 Cal.App.3d 1128 [233 Cal.Rptr. 772], the defendant was convicted of committing various sex crimes. His sentence on one count of attempted rape was enhanced pursuant to section 667.8, subdivision (a) which provides for an additional three-year term for "any person convicted of a felony violation of Section 261, 264.1, 286, 288a, or 289 who, for the purpose of committing that sexual offense, kidnapped the victim in violation of Section 207, . . ." The appellate court found the enhancement improper. "Section 667.8, unlike various other provisions in the Penal Code (but like § 667.7), does not expressly include attempted commission of its enumerated offenses within its ambit, which we must assume is an intentional choice of the Legislature. [Citation.] And attempts, as we have noted above, are offenses distinct from the completed crime. [Citations.] Thus, on remand, the trial court must strike the kidnapping enhancement to count M." (188 Cal.App.3d at p. 1138.)

While the language in section 314's recidivist provision is somewhat different from that in the statutes involved in the cited cases, the reasoning behind those decisions fits here. Accordingly, we hold that a conviction for attempted indecent exposure does not trigger the final paragraph of section 314.

## DISPOSITION

The judgment is reversed and remanded with directions to enter a new judgment of conviction for attempted indecent exposure, a misdemeanor, and to resentence accordingly.

Ardaiz, Acting P. J., and Buckley, J., concurred.