**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Felix Enrique PEREZ, Defendant— Appellant.**

No. 01–50027.
D.C. CR–00–00026–VAP–1.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2002.

Decided Dec. 11, 2002.

Before SCHROEDER, Chief Judge, W. FLETCHER, Circuit Judge, and

WEINER, District Judge.[1]

## MEMORANDUM[2]

In our recent decision in *United States v. Corona–Sanchez*, 291 F.3d 1201, 1203 (9th Cir.2002) (en banc), we reiterated that if a statute "criminalizes conduct that would not constitute an aggravated felony under federal sentencing law, then the conviction may not be used for sentence enhancement unless the record includes 'documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction for enhancement purposes.'" *Id.* (quoting *United States v. Rivera–Sanchez*, 247 F.3d 905, 908 (9th Cir.2001) (en banc)). As Appellant Perez's state court conviction for attempted vehicle theft *would* facially constitute an aggravated felony for federal sentencing purposes, it was not error for the district court to use that prior conviction to impose a sixteen level enhancement to the sentence for his federal conviction under 8 U.S.C. § 1326. We thus affirm the district court's sentence.

Perez was convicted in 1989 for the felony taking of a vehicle without the owner's consent, in violation of § 10851 of the California Vehicle Code.[3] In 1994 he was convicted of violating California's attempt statute, California Penal Code § 664. The substantive criminal act he attempted was another vehicle theft. As noted, § 10851(e) provides that a repeat vehicle theft offender shall be punished under Penal Code § 666.5 which provides that:

> Every person, who, having been previously convicted of a felony violation of Section 10851 of the Vehicle Code ... regardless of whether or not the person actually served a prior prison term for those offenses, is subsequently convicted of any of these offenses shall be punished by imprisonment in the state prison for two, three, or four years, or a fine of ten thousand dollars ($10,000), or both the fine and the imprisonment.

Perez's sentence for the 1994 violation of §§ 10851/666.5 was two years imprisonment.[4]

A prior conviction is an aggravated felony for federal sentencing purposes if it is a "theft offense ... for which the term of

---

1. Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

3. That section provides in relevant part:
   (a) Any person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle, or any person who is a party or an accessory to or an accomplice in the driving or unauthorized taking or stealing, is guilty of a public offense and, upon conviction thereof, shall be punished by imprisonment in a county jail for not more than one year or in the state prison or by a fine of not more than five thousand dollars ($5,000), or by both the fine and imprisonment.
   (e) Any person who has been convicted of one or more previous felony violations of this section, or felony grand theft of a vehicle ... is punishable as set forth in Section 666.5 of the Penal Code.

4. Perez was also convicted of driving in willful or wanton disregard for safety, and for DUI under §§ 2800.2 and 23152(a) respectively of the Vehicle Code. On his § 2800.2 conviction, he was also sentenced to two years to run concurrent to his sentence on the theft charge. On his § 23152(a) conviction, he was sentenced to a concurrent term of 147 days.

imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G). Unlike Corona–Sanchez's conviction for petty theft under California Penal Code § 484, Perez's crime of conviction fits within the "generic sense in which the term [theft offense] is now used in the criminal codes of most States." *Corona–Sanchez*, 291 F.3d at 1205 (quoting *Taylor v. United States*, 495 U.S. 575, 590–91, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)). *Taylor* and *Corona–Sanchez* teach that Congress used the term "theft offense," rather than just "theft," to indicate "that the phrase ought be read to incorporate different but closely related constructions in modern state statutes." *Id.* As California's vehicle theft statute requires the defendant to exercise control of the vehicle without the owner's consent and with the intent to permanently or temporarily deprive the owner of possession, § 10851 fits within the core definition of a theft offense. As the statutory scheme mandated a sentence in excess of one year for a repeat vehicle theft offender, Perez's attempted vehicle theft conviction constituted an aggravated felony for federal sentencing purposes. Accordingly, there was no error in the district court's use of that prior conviction to impose a sixteen level enhancement to the sentence for his federal conviction. Perez's argument that the conviction is not a prior aggravated felony, based on *People v. Bean*, 213 Cal.App.3d 639, 261 Cal.Rptr. 784 (1989), is without merit.

AFFIRMED.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.