Filed 4/7/15  P. v. Rodriguez CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FRANCISCO JAVIER RODRIGUEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B253098<br>(Super. Ct. No. YA085714)<br>(Los Angeles County) |

An amended information charged appellant Francisco Javier Rodriguez with criminal threats (Pen. Code, § 422)[1] (counts 1 and 2), corporal injury to a spouse (§ 273.5, subd. (a)) (count 3), shooting at an inhabited dwelling (§ 246) (count 4), assault with a firearm (§ 245, subd. (a)(2)) (count 5), and possession of a firearm by a felon (§ 29800, subd. (a)(1)) (count 6).  As to counts 1, 2 and 5, it was alleged appellant personally used a firearm (§§ 1192.7, subd. (c), 12022.5, subd. (a); 667.5, subd. (c).)  It also was alleged he had suffered a prior serious or violent felony (§§ 667, subds. (a) & (b)-(i), 1170.12, subds. (a)-(d)), and five prior convictions for which he had served a prison term (§ 667.5, subd. (b)).

---

[1] All statutory references are to the Penal Code.

Pursuant to a negotiated plea agreement, appellant pled no contest to counts 3 and 4, admitted the prior strike and serious felony conviction allegations and agreed to a protective order prohibiting contact with any of the victims for 10 years (§ 273.5, subd. (j) [formerly subd. (i)].)  In exchange, appellant received a stipulated aggregate 17-year prison term and dismissal of the remaining counts and allegations.  The trial court imposed the agreed upon sentence, ordered appellant to pay the requisite fees and fines and awarded 517 days of presentence custody credit.

Appellant filed a notice of appeal, and the trial court granted a certificate of probable cause.  Appellant contends the trial court erred by imposing the protective order under section 273.5, subdivision (j), and requests that it be stricken.  The record reflects it was a negotiated, material term of the plea agreement.  We affirm.

## FACTS[2]

On September 28, 2012, appellant became angry with his then-pregnant wife, Jessica Rodriguez (Jessica), and told her to have an abortion.  He pulled a gun from his waistband, pointed it at her stomach and said, "I should fucking kill you, bitch."  When Jessica took a step back, appellant got into his car and drove away.

Two days later, appellant and Jessica got into another argument.  They were at the front of her residence; Jessica's mother, two children and brother, Kodiak Hamff, were inside.  Appellant again insisted that Jessica have an abortion, hitting her several times in the stomach, chest and head area.  Jessica tried to defend herself with a pencil.  When that failed, she grabbed a bat.  While they struggled over the bat, Hamff managed to separate the two and pushed appellant out of the house.

Appellant reiterated that Jessica should get an abortion.  Hamff said, "It's her body.  She can make her own decisions."  After telling Hamff he was going to get him, appellant retrieved a handgun from his car.  He pointed it at Hamff, who was on the porch, and fired a round that went into the house.  One bullet went through a window and lodged into a bedroom wall.

---

[2] The underlying facts are from the transcript of the preliminary hearing.

2

DISCUSSION

Section 273.5, subdivision (j), authorizes the issuance of a restraining order, for up to 10 years, to protect victims of domestic violence.[3] (*People v. Delarosarauda* (2014) 227 Cal.App.4th 205, 212-213.) Appellant contends the trial court abused its discretion by imposing the 10-year protective order as to Jessica because it did not adequately consider the seriousness of the facts, the probability of future violations and the need for her safety. He further contends the court erred by imposing the order as to the other victims because, unlike Jessica, they do not fall within the categories of victims protected by the statute. (See § 273.5, subd. (b); *Delarosarauda*, at p. 213 [noting section 273.5 applies "to certain victims (spouses, cohabitants, fiancees, and parent of the offender's child)"].) He asks us to strike the protective order and otherwise affirm.

The parties' plea agreement had two specific sentencing requirements: a 17-year prison term and a 10-year protective order as to all victims. The People contend that because the protective order is a material term of the plea agreement, appellant is estopped from challenging it. We agree.

When the prosecutor informed the trial court of the plea agreement, she stated the sentence is "17 years' state prison and a 10-year protective order pursuant to [section] 273.5[]" as to Jessica, her mother, her two children (appellant's step-children) and Hamff. Jessica objected to the protective order, stating: "I can't speak for my brother or my mother, obviously, but for me and my children, I don't want a no contact order or any kind of restraining order." Appellant also expressed concern about having no contact with Jessica or their newborn son while he is in prison.

---

[3] Section 273.5, subdivision (j), provides: "Upon conviction under subdivision (a), the sentencing court shall also consider issuing an order restraining the defendant from any contact with the victim, which may be valid for up to 10 years, as determined by the court. It is the intent of the Legislature that the length of any restraining order be based upon the seriousness of the facts before the court, the probability of future violations, and the safety of the victim and his or her immediate family. This protective order may be issued by the court whether the defendant is sentenced to state prison or county jail, or if imposition of sentence is suspended and the defendant is placed on probation."

The trial court asked the prosecutor whether a protective order is a condition of the plea. The prosecutor responded: "Yes. Well, it was a condition of the plea that there would be a protective order in place." The court asked whether defense counsel had discussed the protective order with appellant. Counsel stated, "I did discuss that with my client, your Honor, and he was on the phone with his wife. And my understanding is that his wife informed him that she would be requesting that the restraining order be [denied]." The court noted this conversation violated the existing protective order.

After further discussion, the prosecutor clarified the no-contact order would not apply to appellant's son, and that one of his family members could bring the child to visit. The court told Jessica that, if there was a demonstrative change in circumstances, she could seek a modification of the protective order in five years. But the prosecutor declined to make any promises about a modification, stating appellant "should be very clear it is a 10-year protective order and it could remain that way for the entire duration of those . . . 10 years. And it's a complete stay away."

The trial court confirmed to appellant that he could not see or have contact with his wife or the other victims for a minimum of five years and possibly ten. Appellant said he wished to proceed with the plea. While taking the plea, the prosecutor stated: "And in exchange for your plea, the remaining counts will be dismissed. You will serve 17 years in state prison and there will be a ten-year protective order in this case. *Those are the terms of the agreement.* Do you agree to that?" (Italics added.) Appellant responded, "Yes." The prosecutor asked, "Do you now understand [the protective order] after having the judge explain it to you?" Appellant answered, "Yes, I understand it." When appellant later expressed concerns about the protective order, the trial court restated its terms and asked again if he understood and agreed to abide by the protective order. He said, "Yes."

Although unhappy with the protective order, particularly as it relates to his wife, appellant understood it was a term of the plea agreement and accepted it. He therefore is estopped from challenging it. (*People v. Hester* (2000) 22 Cal.4th 290, 295;

4

*People v. Beebe* (1989) 216 Cal.App.3d 927, 935.)  This is true even if, as he claims, the order was not authorized by statute as to victims other than his wife.  (*Beebe,* at p. 932.)  A defendant may not challenge on appeal an unauthorized sentence prescribed by a plea bargain to which he or she has assented, unless acceptance of the plea bargain is beyond the fundamental jurisdiction of the trial court.  (*People v. Buttram* (2003) 30 Cal.4th 773, 783; *Hester,* at p. 295.)  "The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process."  (*Hester,* at p. 295; see *People v. Couch* (1996) 48 Cal.App.4th 1053, 1057 ["When a defendant maintains that the trial court's sentence violates rules which would have required the imposition of a more lenient sentence, yet the defendant avoided a potentially harsher sentence by entering into the plea bargain, it may be implied that the defendant waived any rights under such rules by choosing to accept the plea bargain"].)

In addition, appellant contends his plea was involuntary because, aside from the purportedly unauthorized sentence, it was based on the trial court's illusory promise to reconsider the protective order in five years.  He also claims the trial court failed to adequately consider Jessica's request that the protective order "not be part of the plea bargain."  Even if we were to agree with any of these contentions, we could not grant appellant the relief he seeks.  As the People point out, the only potential remedy would be reversal of the judgment with instructions to the trial court to vacate the sentence and plea agreement, to reinstate the dismissed counts and to permit withdrawal of the no contest plea.  (*People v. Superior Court* (*Sanchez*) (2014) 223 Cal.App.4th 567, 577-578; *People v. Kim* (2011) 193 Cal.App.4th 1355, 1361-1362; see *People v. Segura* (2008) 44 Cal.4th 921, 930 [acceptance of plea agreement "binds the court and the parties to the agreement"].)  Appellant asks us specifically not to "void the entire plea" or to give him "an opportunity to reevaluate his plea."  Instead, he wants us to void or modify the protective order while allowing him to retain the 17-year sentence and other benefits of the plea bargain.  We lack that authority, and therefore do not reach the merits of his

contentions.  (*Sanchez,* at p. 577; see *People v. Bean* (1989) 213 Cal.App.3d 639, 645-646.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J.

Mark S. Arnold, Judge

Superior Court County of Los Angeles
_____

Michelle T. Livecchi-Raufi, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews Supervising Deputy Attorney General, J. Michael Lehmann, Deputy Attorney General, for Plaintiff and Respondent.