Filed 9/13/16  P. v. Stevenson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>WADE ANDREW STEVENSON,<br><br>Defendant and Appellant. | C080458<br><br>(Super. Ct. No. 14F04491) |

After causing an explosion in his apartment, defendant Wade Andrew Stevenson was convicted of unlawfully manufacturing concentrated cannabis and unlawfully causing fire to an inhabited structure.  On appeal, he contends (1) his term for unlawfully causing fire must be stayed under Penal Code section 654,[1] and (2) the trial court erred in ordering registration as an arson offender under section 457.1.  The People concede

---

[1]     Undesignated statutory references are to the Penal Code.

1

defendant's second contention.  We conclude (1) section 654 applies to stay defendant's conviction for unlawfully causing a fire to an inhabited structure, and (2) the trial court erred in ordering arson offender registration.  The judgment shall be modified to comport with section 654 and strike the order for arson offender registration.  As modified, the judgment is affirmed.

## BACKGROUND

Defendant was severely burned by a butane explosion in his apartment complex. He had been working in his bathroom, extracting butane hash oil from marijuana leaves. In the process, butane gas pooled on the floor.  When the gas somehow ignited, an explosion blew out windows and penetrated walls in the apartment complex. Defendant's hands, forearms, legs, face, and scalp were burned.  He also singed the back of his mouth and nasal hairs.  In all, 56 percent of his body was burned.

A jury convicted defendant of unlawfully manufacturing concentrated cannabis (§ 11379.6, subd. (a), count 1); and unlawfully causing fire to an inhabited structure (§ 452, subd. (b), count 2).  The trial court sentenced him to serve an aggravated prison term of seven years for manufacturing concentrated cannabis and one year (one-third the middle term) for causing fire to an inhabited structure.  The court ordered the terms to be served consecutively, resulting in an aggregate eight-year term.  The court also ordered defendant to register as an arson offender, pursuant to section 457.1.

## DISCUSSION

### I

### *Section 654*

Defendant first contends his term for causing fire must be stayed under section 654.  He reasons the fire was merely incidental to manufacturing hash oil, and he did not

maintain independent criminal objectives for his two offenses. Thus, the facts do not support multiple punishment. We agree.

Though a person may be convicted of more than one crime for the same act, section 654 proscribes multiple punishments for the same act. (§§ 654, 954; *People v. Correa* (2012) 54 Cal.4th 331, 337 (*Correa*).) Where a single physical act violates different provisions of law, section 654, by its plain language, prohibits multiple punishment. (*People v. Jones* (2012) 54 Cal.4th 350, 358.) Section 654 ensures a defendant's punishment is commensurate with culpability and he or she is not punished twice for one criminal act. (*People v. Kwok* (1998) 63 Cal.App.4th 1236, 1252.)

An "act" can include a "course of conduct." (*Correa, supra*, 54 Cal.4th at p. 335.) When a course of conduct causes multiple offenses -- each capable of being independently committed -- section 654's application turns on whether each conviction was based on a separate, divisible transaction. (*Correa,* at pp. 335-336.) Whether a course of conduct is divisible turns on the defendant's intent and objective. (*Ibid*.) "If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one." (*Ibid*.) But if a defendant entertained multiple objectives -- independent of and not merely incidental to each other -- multiple punishment is permitted even if the violations shared common acts or were parts of an otherwise indivisible course of conduct. (*People v. Liu* (1996) 46 Cal.App.4th 1119, 1134.)

A trial court's finding that a defendant held multiple criminal objectives will be upheld if supported by substantial evidence. (*People v. Islas* (2012) 210 Cal.App.4th 116, 129.) Where, as here, the trial court makes no express section 654 findings, we

3

consider whether substantial evidence supports an implied finding of a separate intent and objective.  (*Ibid*.)

Here, a single act, making the butane hash oil, gave rise to both offenses. (See *People v. Brown* (1958) 49 Cal.2d 577, 593 [performing an unlawful abortion and, in the process, killing the patient was a single act].)  Accordingly, section 654 expressly proscribes multiple punishment.

Moreover, even if the offenses arose from a course of conduct, the record does not support an implied finding of independent criminal objectives.  The People aver defendant maintained multiple, independent criminal objectives:  the manufacturing offense entailed knowing participation in making a controlled substance, while the causing fire offense entailed extreme carelessness and recklessness.  We cannot agree. Defendant's only intent was to manufacture butane hash oil.  That he did so carelessly or recklessly does not constitute separate intent.

Therefore, under section 654 we modify the judgment to impose the upper term of four years for count 2,[2] causing fire to an inhabited structure, and order execution of that sentence stayed.  (§ 452, subd. (b).)

---

[2]     "The one-third-the-midterm rule of section 1170.1, subdivision (a), only applies to a consecutive sentence, not a sentence stayed under section 654."  (*People v. Cantrell* (2009) 175 Cal.App.4th 1161, 1164.)  Thus, we must modify the judgment to impose an authorized sentence.  (*People v. Salazar* (1987) 194 Cal.App.3d 634 ,640 ["This procedure ensures that the defendant will not receive 'a windfall of freedom from penal sanction' if the conviction on which the sentence has not been stayed is overturned. [Citation]"].)  We could remand for a new sentencing hearing, but "[t]he futility and expense of such a course militates against it."  (*People v. Alford* (2010) 180 Cal.App.4th 1463, 1473.)  Instead, we impose the upper term of four years on count 2, causing fire to an inhabited structure, because that is undoubtedly the sentence the trial court would have imposed, having imposed the upper term on count 1.  (See *ibid*.)

## II

### *Arson Offender Registration*

Defendant next challenges the section 457.1 arson offender registration order as unauthorized by statute. The People concede error, and we agree.

Section 457.1 requires persons convicted of "arson or attempted arson" to register with local law enforcement agencies. (§ 457.1, subd. (b)(1), (2).) It defines arson as "a violation of Section 451, 451.5, or 453, and attempted arson, which includes, but is not limited to, a violation of Section 455." (§ 457.1, subd. (a).) "[T]he registration requirement may not be imposed upon persons . . . not specifically described in section 457.1." (*In re David R.* (2013) 219 Cal.App.4th 626, 631.)

The crimes triggering section 457.1 registration do not include the offense of which defendant was convicted: section 452, unlawfully causing fire. Nor can defendant's conduct be characterized as "attempted arson." (See *In re Kent W.* (1986) 181 Cal.App.3d 721, 723-724 [unlawfully setting a fire in violation of section 452 requires an unintentional burning, and therefore attempted arson with its specific intent element cannot be committed].)

Therefore, the trial court erred in ordering defendant to register under section 457.1. We accordingly strike that requirement.

### DISPOSITION

We modify the judgment to impose the upper term of four years on count 2 (Pen. Code, § 452, subd. (b)), unlawfully causing fire to an inhabited structure, and order execution of that sentence stayed pursuant to Penal Code section 654. We further strike the order requiring defendant to register as an arson offender under Penal Code section 457.1. As modified, the judgment is affirmed. The trial court is directed to prepare an

amended abstract of judgment and to forward a certified copy to the Department of

Corrections and Rehabilitation.


                           /s/
                        HOCH, J.

We concur:


         /s/
MAURO, Acting P. J.


         /s/
MURRAY, J.