Filed 6/15/16  P. v. Baldwin CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LLOYD BALDWIN,<br><br>    Defendant and Appellant. | B261773<br><br>(Los Angeles County Super. Ct.<br> Nos. BA384561 & BA405837) |

_____

APPEAL from orders of the Superior Court of Los Angeles County, C.H. Rehm, Judge.  Affirmed in part, reversed in part, and remanded with directions.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.

_____

# INTRODUCTION

Proposition 47, the Safe Neighborhoods and Schools Act of 2014, created the crime of shoplifting, which is defined as "entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours," where the value of the stolen property does not exceed $950. (Pen. Code, § 459.5.)[1] With exceptions not relevant here, the new crime of shoplifting is punished as a misdemeanor. Proposition 47 also created a post-conviction procedure that allows a defendant who has been convicted of second degree burglary for taking items worth $950 or less to petition for recall of his or her sentence and for resentencing as shoplifting.

Does someone who first enters a commercial establishment that is open during regular business hours, and then enters an area of the commercial establishment that is not open, and steals items worth $950 or less, commit shoplifting? We give that question the law's frequent answer: it depends on the facts. In this case, the defendant entered the lobby of a hotel that was open for business, walked to a bar area in the lobby that was closed and locked, and stole a bottle of alcohol. A jury convicted him of second degree burglary. After the voters enacted Proposition 47, the defendant filed petitions asking the court to reclassify his felony conviction for second degree burglary as a misdemeanor conviction for shoplifting, and to reclassify a conviction for petty theft with a prior theft offense involving a separate incident at the same hotel lobby bar. The trial court denied the petitions.

We conclude that the hotel lobby bar had sufficient characteristics of a heightened degree of protection from unauthorized intrusion that the defendant's theft was burglary, not shoplifting, and that the trial court properly denied the defendant's Proposition 47 petition to reclassify that conviction. We conclude, however, that the trial court must

---

[1]     Undesignated statutory references are to the Penal Code.

consider the petition to reclassify the petty theft conviction without regard to whether the theft occurred when the hotel and the bar were open during regular business hours. Therefore, we affirm in part and reverse in part, and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Baldwin's Conviction for Petty Theft with a Prior Theft-Related Conviction*

On May 16, 2011 a security guard discovered Baldwin crouched behind the lobby bar of the Standard Hotel, at a time when the bar was closed and locked. Baldwin was placing a bottle of wine into a plastic bag. Hotel employees called the police, who arrived and arrested Baldwin. In September 2011 Baldwin pleaded guilty to petty theft with three prior theft-related convictions (former § 666), and admitted he had previously served two prior prison terms for felonies (§ 667.5, subd. (b)). The trial court sentenced Baldwin to an aggregate state prison term of five years, suspended imposition of sentence, and placed him on probation for three years (L.A. Sup.Ct. Case No. BA384561). Baldwin did not appeal.

B. *Baldwin's Conviction for Second Degree Burglary*

In 2013 a jury convicted Baldwin of second degree burglary after hotel employees again found him behind the closed and locked lobby bar of the Standard Hotel. According to the evidence presented at the trial, the entrance to the Standard Hotel on Sixth Street in Los Angeles is always unlocked, and the lobby of the hotel is always open. The bar in the lobby is situated across the lobby from the Sixth Street entrance, underneath an escalator in the far right corner. It is a relatively small room or alcove within the hotel, and it contains a chair and a refrigerator. It is a full service bar, stocked with alcohol on shelves adjacent to the entrance and surrounding the bar. The bar is open only for special events; otherwise, it is closed to the public and hotel guests. Even when it is open, guests have trouble finding it.

3

There are two ways to get into the lobby bar: through a door at the back of the bar and from the entrance from the lobby. The door at the back of the bar leads to a hallway in the hotel and is locked when the bar is closed. The entrance to the bar from the lobby is covered by a curtain. Behind the curtain is a metal screen or a "metal curtain like a sheath" that descends from the ceiling and over the bar when the bar is closed. The record is unclear whether the metal screen extends only to the top of the bar or all the way to the floor. The screen is secured to the bar by a metal chain or cable and metal clips with a lock. It is possible, however, to enter the bar when it is chained and locked by pulling on the screen to create an opening, climbing over the top of the bar, and jumping down into the bar.

Video recordings played for the jury showed Baldwin on two separate occasions in 2012 coming through the Sixth Street entrance, walking directly across the lobby toward the closed and locked bar, climbing over the top of the bar, and taking bottles of alcohol. Baldwin testified at trial that he was able to get into the bar by pulling aside the metal chain. On both of these occasions, a hotel employee followed Baldwin into the hotel, found him crouched behind the bar holding bottles of alcohol, and detained him. On the first occasion, August 15, 2012, Baldwin was detained, but not arrested. On the second occasion, December 15, 2012, he was again detained, and this time arrested for burglary.

After the jury convicted him of second degree burglary, Baldwin admitted allegations that he had previously served eight separate prison terms for felonies. He also admitted he had violated probation in his September 2011 conviction for petty theft with a prior theft-related conviction. The court sentenced Baldwin on the burglary conviction to a prison term of five years, and on the probation violation imposed the prison term of five years the court had suspended, to be served concurrently. (Case No. BA405837.)

Baldwin appealed, challenging the sufficiency of the evidence that he had the requisite specific intent to commit theft when he entered the hotel on December 15, 2012 to support the burglary conviction. In July 2014 this court affirmed the judgment, concluding that substantial evidence supported the finding Baldwin harbored the specific

4

intent because, "[a]lthough the hotel [was] open to the public, the closed and locked lobby bar was not." (*People v. Baldwin* (July 22, 2014, B249277) [nonpub. opn.], p. 7.)

C.       *The Proposition 47 Petitions*

On November 20, 2014 Baldwin petitioned under Proposition 47 to have the court recall his felony conviction in each case and resentence him to misdemeanors under section 1170.18, subdivision (a). The trial court denied the petitions, ruling that Baldwin was not entitled to resentencing under Proposition 47 because in both cases the commercial establishment he entered, the lobby bar, was closed and locked when he entered it.

Baldwin appealed. Appellate counsel for Baldwin submitted a brief pursuant to *People v. Kelly* (2006) 40 Cal.4th 106 and *People v. Wende* (1979) 25 Cal.3d 436, raising no issues. Following our independent review of the record, we requested and received supplemental briefs from Baldwin and from the People on whether Baldwin is eligible for Proposition 47 relief.

**DISCUSSION**

A.       *Proposition 47 and Theft-Related Offenses*

"'Proposition 47 created a new resentencing provision, section 1170.18, under which certain individuals may petition the superior court for a recall of sentence and request resentencing.'" (*People v. Smith* (2015) 234 Cal.App.4th 1460, 1468-1469.) "As summarized by the Legislative Analyst, the proposition 'reduces penalties for certain offenders convicted of nonserious and nonviolent property and drug crimes' and 'allows certain offenders who have been previously convicted of such crimes to apply for reduced sentences.'" (*People v. Davis* (2016) 246 Cal.App.4th 127, 134.)

"Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as

either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Proposition 47 enacted section 459.5, the new crime of shoplifting, and amended section 666, petty theft. *People v. Bush* (2016) 245 Cal.App.4th 992, 1004.) Section 459.5 defines shoplifting as "entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." (§ 459.5, subd. (a).) This crime displaces the crime of burglary for those thefts within the $950 amount specified in the statute. The amendment to section 666 provides that petty theft with a prior conviction of petty theft can be punished as a felony only if the defendant is required to register as a sex offender, has a prior violent or serious felony conviction, or has a conviction for elder abuse. (§ 666, subds. (a), (b).)

A person currently serving a felony sentence for a crime that would have been a misdemeanor under Proposition 47 may petition the court for recall of his or her sentence and request resentencing as a misdemeanor. (§ 1170.18, subds. (a), (b); see *People v. Shabazz* (2015) 237 Cal.App.4th 303, 310; *People v. Diaz* (2015) 238 Cal.App.4th 1323, 1328-1329.) In such a petition, the defendant has the burden of establishing eligibility for resentencing by showing the value of the property taken did not exceed $950. (*People v. Bush*, *supra*, 245 Cal.App.4th at pp. 1007-1008.) We review the trial court's construction of Proposition 47 de novo, and its findings of fact in connection with the petition for substantial evidence. (*People v. Perkins* (2016) 244 Cal.App.4th 129, 136; *People v. Sherow* (2015) 239 Cal.App.4th 875, 879.) In considering the sufficiency of the evidence, we are not limited to the record of conviction and may consider the transcript of the underlying trial. (See *People v. Perkins*, *supra,* at p. 140, fn. 5.)

6

B.     *The Trial Court Properly Denied Baldwin's Petition To Resentence His Burglary Conviction as Shoplifting in Case No. BA405837*

The interpretation of the provisions of Proposition 47, which the voters enacted by initiative, is "governed by the same rules that apply in construing a statute enacted by the Legislature. [Citations.] We therefore first look to 'the language of the statute, affording the words their ordinary and usual meaning and viewing them in their statutory context.' [Citations.] Once the electorate's intent has been ascertained, the provisions must be construed to conform to that intent." (*People v Park* (2013) 56 Cal.4th 782, 796; accord, *People v. Johnson* (2015) 61 Cal.4th 674, 682.) "A statute '"must be given a reasonable and common sense interpretation consistent with the apparent purpose and intention of the lawmakers, practical rather than technical in nature, which upon application will result in wise policy rather than mischief or absurdity."'" (*People v. Zambia* (2011) 51 Cal.4th 965, 972.) "'[W]e may not properly interpret the measure in a way that the electorate did not contemplate: the voters should get what they enacted, not more and not less.'" (*People v. Park*, *supra*, at p. 796; accord, *People v. Johnson, supra,* at p. 682.)

As noted, section 459.5 provides that shoplifting, "entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)," is a misdemeanor, while "[a]ny other entry into a commercial establishment with intent to commit larceny is burglary," a felony. Section 459 defines burglary as entering "any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building . . . with intent to commit grand or petit larceny or any felony . . . ."[2] (§ 459.)

Baldwin argues in his supplemental brief that because the definition of shoplifting, unlike the definition of burglary, does not specify a particular room the defendant must enter with intent to commit larceny, shoplifting includes entry into any portion, open or

---

[2]     Section 460 divides burglary into two degrees: "(a) Every burglary of an inhabited dwelling house, . . . or the inhabited portion of any other building, is burglary of the first degree. [¶] (b) All other kinds of burglary are of the second degree."

closed, of a commercial establishment, so long as the establishment "as a whole" is open for business. According to Baldwin, although the lobby bar was closed and locked, the hotel in which the bar is located was open during regular business hours. Therefore, Baldwin maintains, the trial court erred in concluding that the lobby bar was a commercial establishment distinct from the hotel. The People argue that shoplifting "does not include entry into an area that is closed and locked, whether that area is considered separately occupied (such as a hotel guest's room) or part of an otherwise open area (such as the lobby)."

Neither side's proposed interpretation of section 459.5 is entirely satisfactory. Under Baldwin's proposal, every theft of $950 or less committed by a defendant somewhere inside an open commercial establishment would be shoplifting, including a defendant who entered a shop during regular business hours and broke into a locked storeroom and stole $950 in merchandise, or a defendant who entered a 24-hour grocery store and broke into a locked pharmacy to steal $950 in drugs. Under the People's proposal, stealing a $200 bottle of wine from a locked glass case in a market, precisely the kind of crime the voters enacted Proposition 47 to make misdemeanor shoplifting (see *In re J.L.* (2015) 242 Cal.App.4th 1108, 1114-1115; *T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 652), would be second degree burglary.

We conclude the proper standard is the one articulated by the Supreme Court, albeit in a slightly different context, in *People v. Garcia* (2016) 62 Cal.4th 1116 (*Garcia*). In that case the defendant challenged his two burglary convictions arising from his entry first into a store to commit robbery, and then his entry into the store's bathroom to commit rape. The Supreme Court held: "Where a burglar enters a structure enumerated under section 459 with the requisite felonious intent, and then subsequently enters a room within that structure with such intent, the burglar may be charged with multiple burglaries only if the subsequently entered room provides a separate and objectively reasonable expectation of protection from intrusion relative to the larger structure. Such a separate expectation of privacy and safety may exist where there is proof that the internal space is owned, leased, occupied, or otherwise possessed by a distinct entity; or that the room or

8

space is secured against the rest of the space within the structure, making the room similar in nature to the stand-alone structures enumerated in section 459." (*Id.* at pp. 1119-1120.) Thus, "the subsequent entry will constitute a burglary only when the invaded room provides an objectively reasonable expectation of privacy and security, distinct from that the enclosing structure itself provides, which makes the room similar in nature to the stand-alone structures enumerated in section 459." (*Id.* at p. 1123.) The Supreme Court identified several "objective indications" or "characteristics" that signify a "distinct possessory or security interest," such as a "locked door to an external space, a sign conveying restricted access to those present in the external space, or the location of a room in relation to a public area." (*Id.* at pp. 1127, 1129.)

The lobby bar in the hotel in this case had sufficient objective indicia of a distinct possessory or security interest, and of an objectively reasonable expectation of privacy and security distinct from the hotel, that Baldwin's entry into it to steal bottles of alcohol constituted second degree burglary, not shoplifting. The bar was closed and not serving customers. The entrance to the bar was hidden under an escalator, concealed behind a set of drapes, and protected by a metal screen coming down from the ceiling that was locked and secured by a metal chain. The only way Baldwin was able to get into the closed bar was to pull open the metal screen and climb past it into the bar. The bar was sufficiently "secured" from the rest of the hotel lobby that it was "similar in nature to the stand-alone structures enumerated in section 459." (*Garcia*, *supra*, 62 Cal.4th at p. 1120.) There were enough obstacles to gaining entrance to the bar when it was closed, and objective indications of a separately secured space, that Baldwin's unauthorized access to the bar with the intent to commit theft was second degree burglary, not shoplifting. (See *id.* at p. 1128 [evidence supports separate burglary convictions where "the invaded rooms [have] characteristics that a reasonable person would understand to signify a separate possessory interest or a heightened degree of protection against significant intrusions from outsiders"]; *People v. Elsey* (2000) 81 Cal.App.4th 948, 960 [test for burglary "is whether the nature of a structure's composition is such that a reasonable person would expect some protection from unauthorized intrusions"]; cf. *Garcia*, *supra*, 62 Cal.4th

9

at p. 1133 [bathroom at the back of the store had insufficient indications of a distinct possessory or security interest where there was no evidence bathroom was kept locked or access was otherwise restricted from the rest of the store].)

Because Baldwin's crime in case No. BA405837 was second degree burglary, not shoplifting, he was not eligible for resentencing on that conviction under Proposition 47. The trial court properly denied his petition to reclassify that conviction as a misdemeanor.

C.      *The Trial Court Erred in Denying Baldwin's Petition To Resentence Him on His Conviction for Petty Theft with a Prior Theft Offense in Case No. BA384561*

The trial court erred in denying Baldwin's petition asking the court to resentence him on his conviction for petty theft with a prior theft-related conviction (former section 666) as a misdemeanor in case No. BA384561. In denying that petition, the court mistakenly relied on section 459.5, rather than section 666 as amended by Proposition 47.

Prior to the enactment of Proposition 47, section 666 was a wobbler. (See *People v. Doyle* (2013) 220 Cal.App.4th 1251, 1259; *People v. Finley* (1994) 26 Cal.App.4th 454, 456-457.) The statute provided, in relevant part, "any person . . . who, having been convicted of petty theft, grand theft, . . . auto theft under Section 10851 of the Vehicle Code, burglary, carjacking, robbery, or a felony violation of Section 496, and having served a term of imprisonment therefor in any penal institution . . . and who is subsequently convicted of petty theft, is punishable by imprisonment in the county jail not exceeding one year, or in the state prison." The court in Baldwin's petty theft with a prior theft conviction case punished Baldwin as a felon.

As noted, Proposition 47 amended section 666 to limit its application. (See *People v. Bush, supra,* 245 Cal.App.4th at p. 1004.) "One of the nonserious crimes affected by Proposition 47 is petty theft with a prior under former section 666. For most persons, the crime of petty theft with a prior, for which the punishment is imprisonment in the county jail not exceeding one year or in the state prison, is eliminated. As amended by the initiative, section 666 applies only if: (1) the person is convicted of petty

10

theft in the current case; (2) has served a term of imprisonment for a prior conviction of 'petty theft, grand theft, a conviction pursuant to subdivision (d) or (e) of Section 368 [elder abuse], auto theft under Section 10851 of the Vehicle Code, burglary, carjacking, robbery, or a felony violation of Section 496'; and (3) 'is required to register pursuant to the Sex Offender Registration Act, or . . . has a prior violent or serious felony conviction, as specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667, or has a conviction pursuant to subdivision (d) or (e) of Section 368 [elder abuse].' (§ 666, subds. (a), (b).)" (*People v. Diaz, supra,* 238 Cal.App.4th at p. 1330.)[3]

Baldwin argues, the People concede, and we agree, the trial court erred in denying Baldwin's petition for recall of his sentence on his conviction for petty theft with a prior theft conviction. The trial court denied the petition to recall his sentence on the petty theft conviction for the same reason it denied Baldwin's petition to recall his sentence on his burglary conviction: the crime did not occur "during regular business hours of [the] lobby bar." Reclassification of a conviction for petty theft with a prior theft conviction under Proposition 47, however, does not require that the theft occurred during regular business hours. Therefore, the trial court's order denying Baldwin's petition to recall his sentence in case number BA384561 is reversed and remanded with directions for the trial court to consider the petition pursuant to section 1170.18.

---

[3]     Proposition 47 also "amended section 666 (also called 'petty theft with a prior') to allow wobbler punishment for recidivists who are otherwise disqualified from the reach of the initiative." (*People v. Johnston* (2016) 247 Cal.App.4th 252, 256.)

**DISPOSITION**

The trial court's order denying Baldwin's petition for recall and resentencing of his conviction for second degree burglary in case No. BA405837 as shoplifting is affirmed. The order denying Baldwin's petition for recall and resentencing of his conviction for petty theft with a prior theft-related conviction in case No. BA384561 is reversed, and the matter is remanded with directions for the court to consider the petition for resentencing of the petty theft conviction in accordance with section 1170.18.


SEGAL, J.

We concur:


PERLUSS, P. J.


ZELON, J.

12