[No. B174703. Second Dist., Div. Six. Dec. 1, 2004.]

THE PEOPLE, Plaintiff and Appellant, v.
MARTHA DURAN, Defendant and Respondent.

**COUNSEL**

Gregory Totten, District Attorney, and Michelle J. Contois, Deputy District Attorney, for Plaintiff and Appellant.

Susan B. Lascher, under appointment by the Court of Appeal, for Defendant and Respondent.

**OPINION**

**YEGAN, J.**— ██ The People ask that we become legal obstetricians and help deliver a newborn crime of "attempted possession of a firearm by a felon" (see Pen. Code §§ 664, 12021).[1] We are cited to no published California case where a defendant was convicted of such a crime. We need not and do not speculate whether there can be such a crime based on a theoretical set of facts. As we shall explain, given the facts of the instant case, i.e. submitting a false application to a licensed gun dealer, crediting the People's theory would result in the wrongful birth of a new crime. ██ " 'Wise adjudication has its own time for ripening.' [Citation.]" (*People v. Schofield* (2001) 90 Cal.App.4th 968, 972 [109 Cal.Rptr.2d 429].) We hold that a felon who submits a false application to purchase a firearm may not be prosecuted pursuant to the general attempt statute. (§ 664.) Instead, the felon may only be prosecuted pursuant to the special statute, section 12076, which expressly proscribes such false applications. (*In re Williamson* (1954) 43 Cal.2d 651, 654 [276 P.2d 593].)

### Facts and Procedural History

On May 13, 2003, defendant went to a Big 5 Sporting Goods Store (Big 5) in Oxnard to purchase a shotgun. Big 5 required that defendant deposit the purchase price ($199.99) and fill out state and federal forms for a background check to be conducted during a mandatory 10-day waiting period. Defendant correctly listed her name, birth date, address, place of birth, and driver's license on the forms. On the state form she answered "no" to the question, "Has purchaser ever been convicted of a felony . . . ?" On the federal form she answered "no" to the question, "Have you been convicted in any court of a felony . . . ?"

---

[1] Unless otherwise stated, all statutory references are to the Penal Code.

The California Department of Justice determined that defendant had a 1987 felony conviction for welfare fraud. (Welf. & Inst., Code, § 11483.) When questioned by an investigator, defendant claimed that she forgot about the prior conviction when filling out the forms.

Defendant was charged with and held to answer for attempted unlawful possession of a firearm (§§ 664, 12021, subd. (a)(1)) and moved to dismiss the information. (§ 995.) The district attorney opposed the motion on the ground that section 12021 is a strict liability crime. (E.g., *People v. Snyder* (1982) 32 Cal.3d 590, 593 [186 Cal.Rptr. 485, 652 P.2d 42] [felon is presumed to know it is unlawful to possess concealable firearm].) The district attorney argued that defendant could be prosecuted for criminal attempt based on the theory that the false application to purchase a firearm was a direct but ineffectual act to possess a firearm.

The superior court noted that section 12076 makes it a misdemeanor to furnish false information on an application to purchase a firearm. "[T]hat brings up an issue that seems to me needs to be considered here too, . . . isn't the statutory scheme under the 12076 series and thereafter designed to keep guns out of the hands of people who shouldn't have them? And isn't attempt[ed] 12021 aimed at the same purpose, . . . to deter people who shouldn't have guns from having them? Aren't these statutes looking at the same problem . . . and aren't they coming at it from different directions on that analysis, that theory? You're not supposed to have a gun, so if you do have one, you're subject to being prosecuted for 12021. And if you go through the gun application purchase process and don't give truthful information, then you're subject to prosecution under 12076."

■ The superior court granted the motion to dismiss because of insufficiency of the evidence. It did not grant the motion based on the "special statute prevailing over a general statute" theory. On review, we are only concerned with the correctness of the order, not the reasons for the order. (*People v. Laiwa* (1983) 34 Cal.3d 711, 718 [195 Cal.Rptr. 503, 669 P.2d 1278].)

### Special Statute Controls over General Statute

■ " 'It is the general rule that where the general statute standing alone would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute whether it was passed before or after such general enactment.' " (*In re Williamson, supra,* 43 Cal.2d at p. 654; see 1 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Introduction to Crimes, § 59, p. 103.) The *Williamson* rule is designed to ascertain and carry out legislative intent. (*People v. Jenkins* (1980) 28 Cal.3d 494, 505 [170 Cal.Rptr. 1, 620 P.2d 587].) "The fact that the

Legislature has enacted a specific statute covering much the same ground as a more general law is a powerful indication that the Legislature intended the specific provision alone to apply. Indeed, in most instances, an overlap of provisions is determinative of the issue of legislative intent and 'requires us to give effect to the special provision alone in the face of the dual applicability of the general provision . . . and the special provision. . . .' [Citation.]" (*Id.*, at pp. 505–506.)

In *Mitchell v. Superior Court* (1989) 49 Cal.3d 1230, 1250 [265 Cal.Rptr. 144, 783 P.2d 731], our Supreme Court explained that *"People v. Jenkins, supra,* 28 Cal.3d 494, 501–505—merely stand[s] for the proposition that when the Legislature has enacted a specific statute addressing a specific matter, and has prescribed a sanction therefor, the People may not prosecute under a general statute that covers the same conduct, *but which prescribes a more severe penalty*, unless a legislative intent to permit such alternative prosecution clearly appears. [Citation.]"

Section 664, in pertinent part, provide: "Every person who attempts to commit any crime, but fails, or is prevented or intercepted in its perpetration, shall be punished where no provision is made by law for the punishment of those attempts . . . ." This is a general statute by definition because it pertains, in theory, to "any crime." ■ An attempt to commit a felony is a felony punishable by imprisonment "for one-half the term of imprisonment prescribed upon a conviction of the offense attempted." (§ 664, subd. (a).)

Section 12076, subdivision (b)(1) makes it a misdemeanor to furnish incorrect information on an application in an attempt to purchase a firearm. Subdivision (b)(1) states in pertinent part: "Any person furnishing a fictitious name or address or knowingly furnishing any incorrect information or knowingly omitting any information required to be provided for the register and any person violating any provision of this section is guilty of a misdemeanor." This is a special statute which targets specific conduct.

The "register" (§ 12076, subd. (b)(1)), or purchase application, is a form prescribed by the California Department of Justice (§ 12077, subd. (b)). It requires that the purchaser answer "yes or no . . . to questions that prohibit purchase, including, but not limited to conviction of a felony as described in Section 12021 . . . ." (§ 12077, subd. (c)(1).)

Defendant signed a state form entitled "Dealer's Record of Sale of Firearm Worksheet," commonly known as a "DROS" form.[2] The form stated in bold face: **"FALSIFICATION OF INFORMATION ON THIS FORM IS A MISDEMEANOR (PENAL CODE 12076)."**

The reference to section 12076 is not erroneous. Section 12076 specifically governs false applications in an attempt to purchase a firearm. Until the application was approved by the California Department of Justice, Big 5 could not sell the firearm to defendant. (§ 12071, subd. (b)(3)(D).)

When the information was filed on December 16, 2003, section 12021, subdivision (a)(1) provided in pertinent part that "[a]ny person who has been convicted of a felony . . . who <u>owns or has in his or her possession</u> of under his or her custody or control any firearm is guilty of a felony."[3] The word "purchase" was not included in this subdivision.

"Purchase," however, appears in former section 12021, subdivision (g)(1) which provided: "Every person who purchases or receives, <u>or attempts to purchase</u> or receive, a firearm knowing that he or she is subject to a protective order as defined in Section 6218 of the Family Code . . . or a temporary restraining order or injunction . . . , is guilty of a public offense, which shall be punishable by imprisonment in county jail not exceeding one year or in the state prison . . . ." (Underscoring added.)

Defendant did not own, possess, or have custody or control of the firearm. (§ 12021, subd. (a)(1).) Nor was she subject to a protective order or restraining order when she went to Big 5 to purchase a firearm. (§ 12021, subd. (g)(1).) What she did do is submit false information in an attempt to purchase a firearm. That is to say, she falsely claimed that she was not a felon. This, of course, is the exact conduct targeted by the Legislature in section 12076, subdivision (b)(1).

When the statutory scheme is considered as a whole, it is clear that section 12076 is the more specific statute and governs a false application in

---

[2] "The term 'Dealer's Record of Sale of Firearm Worksheet' or 'DROS' means a record of information necessary to process the sale, loan or other transfer of a firearm by a firearms dealer as required by Penal Code section 12071. The contents of this form are prescribed by Penal Code section 12077." (Cal. Code Regs., tit. 11, § 967.10, subd. (j).)

[3] Effective January 1, 2004, the Legislature amended section 12021, subdivision (a)(1) to make it a felony for "[a]ny person who has been convicted of a felony . . . who owns, <u>purchases, receives</u>, or has in his or her possession or under his or her custody or control any firearm is guilty of a felony." (Stats 2003, ch. 499, § 4.7.)

an attempt to purchase a firearm. "It is not the legitimate function of an appellate court to rewrite a statute. [Citation.]" (*People v. Alberts* (1995) 32 Cal.App.4th 1424, 1428 [37 Cal.Rptr.2d 401] [special or specific statute for attempted arson (§ 455) controls over general attempt statute (§§ 664, 451, subd. (b)].) The district attorney cites no California case in which a false application to purchase a firearm was prosecuted as attempted possession of a firearm by a felon.[4]

 Where, as here, a special statute covers the same conduct as a general statute, the People may not prosecute under the general statute if it will result in a more severe penalty. (*Mitchell v. Superior Court, supra,* 49 Cal.3d at p. 1250.) " 'Typically the issue whether a special criminal statute supplants a more general criminal statute arises where the special statute is a misdemeanor and the prosecution has charged a felony under the general statute instead. [Citations.] Such prosecutions raise a genuine issue whether the defendant is being subjected to a greater punishment than specified by the Legislature, and the basic question for the court to determine is whether the Legislature intended that the more serious felony provisions would remain available in appropriate cases.' [Citation.]" (*Id.,* at p. 1250, fn. 14.)

The People argue that if it is unlawful for a felon to possess a firearm, felons who submit false applications to purchase firearms may be prosecuted for attempted unlawful possession. "[A]n attempt [to commit a crime requires] proof of both specific intent to commit the crime and a direct but ineffectual, act done toward its commission." (*People v. Lenart* (2004) 32 Cal.4th 1107, 1126 [12 Cal.Rptr.3d 592, 88 P.3d 498].) This would make sense if the Legislature had not enacted section 12076.

By enacting 12076, the Legislature made an implied determination that a felon who submits a false application in an attempt to purchase a firearm is less of a risk to public safety than a felon who attempts to possess a firearm in a nonregulated manner. Were we to rule in favor of the People, section 12076 would be erased from the statutory scheme. It would render the enactment of section 12076 and the amendment of section 12021 adding subdivision (g)(1) [prohibiting persons subject to protective order or restraining order from attempting to purchase firearm] meaningless, a result we presume the Legislature did not intend. (E.g., *People v. York* (1998) 60

---

[4] The People's reliance on *Dodson v. Commonwealth* (Va.Ct.App. 1996) 23 Va.App. 286 [476 S.E.2d 512] is misplaced. There the defendant was convicted of attempted possession of a firearm after he paid the purchase price and filled out a false purchase application. The Virginia court held that the false application was a direct, ineffectual act towards the completion of the intended crime, i.e., unlawful possession of a firearm by a felon. (*Id.,* at pp. 520–521.) The court did not address the issue of whether a specific statute governing false purchase applications controlled over the general attempt statute.

Cal.App.4th 1499, 1507–1508 [71 Cal.Rptr.2d 303] [misdemeanor drug so-licitation statute (§ 653f, subd. (d)) controls over more general statute for attempted possession of cocaine (§ 664; Health & Saf. Code, § 11350)].)

█ Consistent with time-honored precedent (e.g., *Keeler v. Superior Court* (1970) 2 Cal.3d 619, 630 [87 Cal.Rptr. 481, 470 P.2d 617]; *In re Pedro T.* (1994) 8 Cal.4th 1041, 1046 [36 Cal.Rptr.2d 74, 884 P.2d 1022]), we give the defendant the benefit of the doubt concerning legislative intent and purpose. █ The general attempt statute, section 664, only has application "where no provision is made by law for the punishment of those attempts . . . ." Here, there is provision for the punishment of an attempt when made by a false application. Not only is it not "clear" that the Legislature intended to permit alternative prosecution (*Mitchell v. Superior Court, supra,* 49 Cal.3d at p. 1250), it is not yet "clear" that the courts have recognized the crime of "attempted possession of a firearm by a felon."[5]

The judgment (order dismissing complaint) is affirmed.

Gilbert, P. J., and Perren, J., concurred.

A petition for a rehearing was denied December 22, 2004, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied February 23, 2005.

---

[5] What the People really want is the potential for felony punishment. That is a legislative question. If the Legislature agrees, it can simply increase the punishment for section 12076. We express no opinion on whether it should do so.