Filed 1/9/17

**CERTIFIED FOR PARTIAL PUBLICATION**<sup>*</sup>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES DAVID EPPERSON,<br><br>    Defendant and Appellant. | A145868<br><br>(Solano County<br>Super. Ct. No. VCR216163) |

Penal Code section 213, subdivision (a)(1)(A),[1] establishes an increased sentencing range for first degree robbery when the crime is committed inside an inhabited dwelling by a defendant "voluntarily acting in concert with two or more other persons." Appellant James David Epperson argues this provision applies only to completed robberies and was improperly used to increase his sentence for four counts of *attempted* first degree residential robbery. He further contends that even if section 213, subdivision (a)(1)(A), may be used to increase the sentence for attempted robbery, the true findings in this case must be stricken because the trial court failed to adequately instruct the jury on the elements of that allegation in connection with the attempted robbery counts. Finally, appellant argues the abstract of judgment must be modified because it erroneously states that firearm enhancements were imposed under section 12022.5, subdivision (a), in addition to section 12022.53, subdivision (b). We agree with the final contention but otherwise affirm.

---

<sup>*</sup>    Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts II and III of the Discussion.

[1]    Further statutory references are to the Penal Code.

BACKGROUND

Due to the nature of the issues presented in this case, a detailed rendition of the underlying facts is not required. Suffice it to say that on October 11, 2012, appellant and two codefendants armed themselves with guns and forcibly entered the home of Amy Eustice, where they threatened, robbed and attempted to rob Eustice and several of her guests. Police arrived at the scene while the robbery was ongoing because one of the guests was able to call 911 on his cell phone.

Appellant and one of his two codefendants were tried before a jury[2] and appellant was convicted of two counts of first degree robbery (§§ 211, 212.5, subd. (a); counts 4, 6), four counts of attempted first degree robbery (§§ 211, 212.5, subd. (a), 664; counts 1–3, 5), and one count each of first degree burglary (§ 459; count 7), false imprisonment by violence (§ 236; count 8), assault with a firearm (§ 245, subd. (a)(2); count 9), and criminal threats (§ 422; count 10). Enhancement allegations for personal use of a firearm were found true in connection with the robbery, attempted robbery, burglary and false imprisonment counts. (§§ 12022.5, subd. (a), 12022.53, subd. (b).) The jury also found that during the robberies and attempted robberies, appellant acted in concert within the meaning of section 213, subdivision (a)(1)(A).

Appellant was sentenced to prison for an aggregate term of 40 years, four months: (1) the six-year middle term for the first degree robbery in count 4 plus a consecutive ten-year term for the firearm enhancement under section 12022.53, subdivision (b); (2) a consecutive two-year term (one-third the middle term) for the first degree robbery in count 6 plus a three-year, four-month term (one-third the middle term) for the firearm enhancement; (3) four consecutive one-year terms for the attempted first degree robbery counts (calculated as half of one-third the middle term for residential robbery in concert), plus consecutive terms of three years and four months for the firearm enhancements attached to each count; (4) a consecutive one-year term (one-third the middle term) for

_____

[2]    As to the other co-defendant, criminal proceedings were suspended under section 1368.

2

the assault with a firearm court; and (5) a consecutive eight-month term (one-third the middle term) for the criminal threats count. The terms on the burglary and false imprisonment counts were stayed under section 654.

DISCUSSION

I.

*Sentence for Attempted First Degree Residential Robbery*

*When Committed in Concert*

Appellant argues the trial court erred by imposing an unauthorized "in concert enhancement" on the four counts of attempted first degree residential robbery. We disagree.

Section 213 provides: "(a) Robbery is punishable as follows: [¶] (1) Robbery of the first degree is punishable as follows: [¶] (A) If the defendant, voluntarily acting in concert with two or more other persons, commits the robbery within an inhabited dwelling house, . . . by imprisonment in the state prison for three, six, or nine years. [¶] (B) In all cases other than that specified in subparagraph (A), by imprisonment in the state prison for three, four, or six years. [¶] (2) Robbery of the second degree is punishable by imprisonment in the state prison for two, three, or five years. [¶] (b) Notwithstanding Section 664, attempted robbery in violation of paragraph (2) of subdivision (a) is punishable by imprisonment in the state prison."

While section 213 specifically sets forth a sentencing range for attempted second degree robbery, it does not specify the sentencing range for attempted first degree robbery. Section 664, subdivision (a), governs the sentencing of attempted felonies where the punishment is not otherwise specified by statute: "(a) If the crime attempted is punishable by imprisonment in the state prison . . . the person guilty of the attempt shall be punished by imprisonment in the state prison . . . for one-half the term of imprisonment prescribed upon a conviction of the offense attempted." The question presented in this case is: one-half of what?

Section 213, subdivision (a), sets forth three ranges of punishment for robbery: two, three or five years for second degree robbery; three, four or six years for first degree

3

robbery; and three, six or nine years for a first degree residential robbery committed in concert with two or more other persons. The trial court imposed consecutive one-year terms for the attempted robbery counts, using the six-year middle term for first degree residential robbery in concert as a starting point, reducing that term by one-half under section 664, subdivision (a), and imposing one-third of that amount pursuant to section 1170.1, subdivision (a). We agree with the People that this was the appropriate methodology.

Appellant argues that because section 213, subdivision (a)(1)(A), does not refer specifically to attempted robbery, its increased sentencing range has no application to that crime. In support of his claim, appellant notes that the elevated range for first degree robbery in concert under section 213, subdivision (a)(1)(A), is an enhancement or penalty provision, rather than a substantive offense. (See *In re Jonathan T.* (2008) 166 Cal.App.4th 474, 480–482 (*Jonathan T.*).) He then relies on the principle that an attempt to commit a crime is an offense separate and distinct from the completed crime, and an enhancement or penalty provision applicable to a completed offense does not apply to an attempt when it "does not expressly include attempted commission of its enumerated offenses within its ambit." (*People v. White* (1987) 188 Cal.App.3d 1128, 1138 (*White*), disapproved on another point in *People v. Wims* (1995) 10 Cal.4th 293, 314, fn. 9.) The line of cases on which appellant relies is inapposite.

In *White*, *supra*, 188 Cal.App.3d at p. 1131 & fn. 1, the court held that a three-year kidnapping enhancement applicable to "[a]ny person convicted of a felony violation of" various completed sexual offenses could not be applied to a conviction for attempted rape. "Section 667.8, unlike various other provisions in the Penal Code . . . does not expressly include attempted commission of its enumerated offenses within its ambit, which we must assume is an intentional choice of the Legislature. [Citations.] And attempts, as we have noted above, are offenses distinct from the completed crime. [Citation.]" (*Id.* at p. 1138.)

In *People v. Le* (1984) 154 Cal.App.3d 1, the court considered the application of section 667.6, subdivision (c), which allows the imposition of full strength consecutive

sentences for violations of certain sex crimes enumerated in that provision. It concluded the provision did not apply to a conviction of attempted forcible oral copulation, because while forcible oral copulation was an enumerated offense, attempted forcible oral copulation was not listed in the statute. (*Id*. at p. 10.) "Because attempted crimes are considered to be separate and distinct, they are not automatically included in the list of sexual offenses to which section 667.6, subdivision (c), applies. [Citations.] Furthermore, if the Legislature had intended to include attempts in the enhancement provisions, it would have specifically stated the enhancement applies to the 'commission or attempted commission' of specific crimes as it did in other enhancement provisions." (*Id*. at pp. 10–11.)

In *People v. Jillie* (1992) 8 Cal.App.4th 960, 962–963, the court concluded section 1202.1, which requires a defendant to submit to testing for the human immunodeficiency virus when convicted of enumerated offenses, did not apply to attempts to commit the crimes enumerated. "We do not find the statute ambiguous. It expressly identifies the offenses within its scope, all of which are completed offenses. Had the Legislature meant to include attempts among the covered offenses, it could easily have done so as it has in other instances, for example, [] section 667.5, subdivision (c)(12) specifying attempted murder as one of several violent felonies, and [] section 1192.7, subdivision (c)(27) making an attempt to commit any of the specifically listed felonies also a serious felony." (*Id*. at p. 963.)

Finally, in *People v. Reed* (2005) 129 Cal.App.4th 1281, the court considered the three-year enhancement for a prior drug conviction under section 11370.2, subdivision (a), which applies to "[a]ny person convicted of a violation of, or of a conspiracy to violate," specified drug offenses. It held the statute could not be used to enhance a sentence for an attempt to commit the enumerated offenses. "As the statute now reads, neither a current conviction of an attempt to commit a specified crime nor a prior conviction of an attempt to commit a specified crime supports an enhancement under section 11370.2, subdivision (a). 'If the Legislature had intended to include attempts in the enhancement provisions, it would have specifically stated the

5

enhancement applie[d] to the "commission or attempted commission" of specific crimes.' " (*Id.* at p. 1285.)

In each of the above cases, the court was faced with a statute authorizing an additional penalty or collateral consequence for certain enumerated offenses. The only offenses specified were completed crimes, and no other language in the statutes at issue suggested the provisions applied to attempts to commit those specified crimes. By contrast, section 213, subdivision (a)(1)(A), sets forth the sentencing range for a completed first degree residential robbery when committed in concert, and section 664, subdivision (a), provides the punishment for an attempted felony is "one-half the term of imprisonment prescribed upon a conviction of the offense attempted." In the case of an attempted first degree residential robbery where an in-concert allegation has been found true, this would be one-half the term of imprisonment prescribed in section 213, subdivision (a)(1)(A). Nothing in in section 213, subdivision (a)(1)(A), suggests otherwise.

Using the elevated sentencing range of section 213, subdivision (a)(1)(A), to calculate the penalty for attempted first degree robbery in concert is also consistent with the legislative intent behind that provision. The language concerning in concert robberies was added to section 213 in 1994, by Assembly Bill No. 779 (Legis. Counsel's Dig., Assem. Bill No. 779 (1993–1994 Reg. Sess.) § 1), and originally contemplated the creation of a new crime of home invasion (Legis. Counsel's Dig., Assem. Bill No. 779 (1993–1994 Reg. Sess.) as introduced Feb 23, 1994; *Jonathan T.*, *supra*, 166 Cal.App.4th at p. 481). Senate amendments to the bill deleted the references to a new crime of home invasion and instead created "an aggravated form of first degree robbery consisting of a robbery committed in [] an inhabited dwelling by three or more persons acting in concert" that was "punishable by three, six or nine years." (Sen. Rules Com., Off. of Senate Floor Analysis, Rep. on Assem. Bill No. 779 (1993–1994 Reg. Sess.) August 9, 1994, pp. 1–2.) A legislative analysis of the provision noted that under previous law, *attempted* robberies of both the first and second degree had been punishable by a prison sentence of 16 months, two years or three years, and that the new legislation

6

"[p]rovide[d] that attempted robbery of any kind of the first degree is punishable under the general attempt statute so that the normal rules on attempt penalties would apply. *By virtue of this, the penalty for attempted first degree robbery is as follows:* [¶] *a) In the case of an attempt to commit the aggravated form of first degree robbery, the penalty is 18 months, three years or four and one half years.* [¶] *b) In the case of an attempt to commit any other form of first degree robbery, the penalty is 18 months, two years or three years.* (Sen. Rules Com., Off. of Senate Floor Analysis, Bill analysis on Assem. Bill No. 779 (1993–1994 Reg. Sess.) June 23, 1994, pp. 1–2, emphasis added.) This is consistent with the purpose underlying the bill, namely, "to deter home invasion style robberies." (Sen. Rules Com., Off. of Senate Floor Analysis, Rep. on Assem. Bill No. 779 (1993-1994 Reg. Sess.) August 9, 1994, p. 2.)

The Legislature's understanding that the sentencing range for attempted robbery in concert would be half the sentencing range for robbery in concert, pursuant to section 664, was also made explicit by the Legislative Counsel: "This bill increase[s] the penalty for first degree robbery to imprisonment in state prison for 3, 6 or 9 years for offenses where the defendant, voluntarily acting in concert with two or more persons, commits the robbery within an inhabited dwelling house . . . and would provide that attempted first degree robbery is punishable by imprisonment in state prison for one-half the specified term, pursuant to PC § 664. [¶] Increasing the penalty for first degree robbery of an inhabited dwelling, as specified, and providing that attempted first degree robbery is subject to the provisions of PC § 664, could result in some persons serving additional time in state prison." (Cal. Youth and Adult Correctional Agency, Enrolled Bill Rep. on Assem. Bill No. 779 (1993–1994 Reg. Sess.) prepared for Governor Wilson (Sept. 1, 1994) pp. 1–2.); see also 26 Pac. L. J. 450, 1994–1995 [under amended version of § 213, "if a defendant, voluntarily acting in concert with two or more persons, attempts to commit first degree robbery, the act will be punished by imprisonment in the state prison for a term of eighteen months, three years or four and one-half years" under §664, and "[i]n all other cases of attempted first degree robbery, the penalty will be imprisonment in the state prison for eighteen months, two years, or three years"].)

*Failure to Instruct*

As to each of the four attempted robbery counts, the amended information alleged "pursuant to Penal Code section 213(a)(1)(A) . . . the above offense was committed by the defendant(s) who voluntarily acted in concert and entered a structure described in that section." The jury found these allegations to be true in its verdict on the attempted robbery counts. Appellant argues these findings must be stricken because the court did not instruct the jury on the elements of the in-concert allegations in connection with the attempted robbery counts. We disagree.

When assessing a claim of instructional error, we view the jury instructions as a whole and assume the jurors to be intelligent persons capable of understanding and correlating the instructions given. (*People v. Richardson* (2008) 43 Cal.4th 959, 1028; *People v. Young* (2005) 34 Cal.4th 1149, 1202.) We apply an independent or de novo standard of review to assess whether the jury instructions correctly state the law. (*People v. Posey* (2004) 32 Cal.4th 193, 218.)

The trial court fully instructed the jury on the elements of robbery and attempted robbery. It additionally gave CALCRIM No. 1601, which provided: "The defendants are charged in Counts 4 and 6 with robbery by acting in concert with each other and with another person in violation of Penal Code section 213(a)(1)(A). [¶] To prove that a defendant is guilty of this crime, the People must prove that: [¶] 1. The defendant personally committed or aided and abetted robbery; [¶] 2. When he did so, the defendant voluntarily acted with two or more other people who also committed or aided and abetted the commission of a robbery; [¶] AND [¶] 3. The robbery was committed in an inhabited dwelling. [¶] A dwelling is inhabited if someone lives there and either is present or has left but intends to return. [¶] To decide whether the defendants committed robbery, please refer to the separate instructions that I have given [] you on that crime. To decide whether the defendant aided and abetted robbery, please refer to the separate instructions that I have given you on aiding and abetting. You must apply those instructions when you decide whether the People have proved robbery in concert. [¶] To prove the crime of

robbery in concert, the People do not have to prove a prearranged plan or scheme to commit robbery."

CALCRIM No. 1601 correctly stated the elements of the in concert allegations. Thus, while the jury was not specifically instructed on the elements of the in-concert allegations in connection with the attempted robbery counts, it was correctly instructed on those elements in connection with the robbery counts. " ' "[T]he fact that the necessary elements of a jury charge are to be found in two instructions rather than in one instruction does not, in itself, make the charge prejudicial." [Citation.] "The absence of an essential element in one instruction may be supplied by another or cured in light of the instructions as a whole." [Citation.]' [Citation.] " (*People v. Hernandez* (2010) 181 Cal.App.4th 1494, 1499.) Viewing the instructions as a whole, there is no likelihood the jurors were confused regarding the elements of the in-concert allegations attached to the attempted robbery counts.

Even if the trial court erred in failing to explicitly link the instruction defining the in-concert allegations to the attempted robbery counts, reversal of the true findings attached to those counts is not required. Instructions that misstate or omit an essential element of an offense do not require reversal if the error was harmless beyond a reasonable doubt under the standard set forth in *Chapman v. California* (1967) 386 U.S. 18. (*People v. Mil* (2012) 53 Cal.4th 400, 409; *People v. Flood* (1998) 18 Cal.4th 470, 491 (*Flood*); *People v. Larsen* (2012) 205 Cal.App.4th 810, 829.) The jury specifically found appellant acted in concert in committing the robberies, having been properly instructed with CALCRIM No. 1601. Given that all the crimes were committed during a single home invasion, there would be no basis for differentiating between the completed robberies and the attempted robberies in this regard. Because the factual question posed by the omitted instruction was necessarily resolved adversely to appellant under another, properly given instruction, any error is harmless beyond a reasonable doubt. (*Flood*, at p. 485.)

## III.

### *Firearm Use Enhancements*

Appellant contends the abstract of judgment erroneously reflects that firearm enhancements were imposed pursuant to sections 12022.5, subdivision (a), and 12022.53, subdivision (b), even though the terms were properly attributable only to section 12022.53, subdivision (b). The People agree and suggest a remand for resentencing. We will order the abstract of judgment modified, but conclude a remand for a new sentencing hearing is not required.

As to the two robbery counts (counts 4 and 6) and the four attempted robbery counts (counts 1–3, 5), the jury returned true findings that appellant had personally used a firearm within the meaning of sections 12022.5, subdivision (a)(1), and 12022.53, subdivision (b). The court imposed a 10-year enhancement under section 12022.53, subdivision (b), as to the robbery in count 4, which was declared the principal term, and imposed consecutive sentences of three years four months (one-third of the 10-year term under section 12022.53, subdivision (b)) as to the remaining counts at issue. At the conclusion of the sentencing hearing, the court stated, "[L]et me ask a technical sentencing question. I don't think I have to impose, but on a number of the weapons enhancement[s] they were found in the alternative, there was [the] 12022.53 and the .5, so we just went with the 10 . . . . [¶] I didn't need to impose and stay the alternative enhancement, do I?" When counsel hesitated, the court continued, "[Y]ou can't impose multiple enhancement[s] for the same act anyway under those circumstances, but I would find that in the alternative clearly either 654, if not I would impose, concurrently impose a midterm of 4 [years] on each of them, but I think that's all academic." The abstract of judgment reflects that the firearm enhancements were imposed pursuant to both section 12022.5, subdivision (a), and section 12022.53, subdivision (b), although the court did not impose the enhancement under both provisions.

Section 12022.5, subdivision (a), requires a sentence enhancement of three, four or ten years for "any person who personally uses a firearm in the commission of a felony or attempted felony." Section 12022.53, subdivision (b), provides for a 10-year

10

enhancement for any person who personally uses a firearm in the commission of certain more serious felonies including robbery and attempted robbery. (§ 12022.53, subd. (a)(4) & (18).) When an enhancement under 12022.53 has been found to be true, "the court shall impose punishment for that enhancement pursuant to this section rather than imposing punishment authorized under any other provision of law, unless another enhancement provides for a greater penalty or a longer term of imprisonment." (§ 12022.53, subd. (j).) "An enhancement involving a firearm specified in Section . . . 12022.5 . . . shall not be imposed on a person in addition to an enhancement imposed pursuant to" section 12022.53. (§ 12022.53, subd. (f).)

When firearm use enhancements are found true under both sections 12022.5, subdivision (a), and 12022.53, the trial court must impose the enhancement under section 12022.53 and then impose and stay the enhancement under section 12022.5, subdivision (a). (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1122–1123, 1130.) The trial court in this case imposed the enhancements under section 12022.53, subdivision (b), but did not impose and stay the enhancements under section 12022.5, subdivision (a), as it technically should have.

This leaves the question of the length of the terms to be imposed and stayed. A trial court has the discretion to select from the range of terms under section 12022.5, subdivision (a), and the People suggest a remand so the court can exercise this discretion. (*People v. Hall* (1994) 8 Cal.4th 950, 958–959 [discussing factors court may consider when selecting term on § 12022.5 enhancement].) However, a new sentencing hearing "would mean pulling defendant out of his prison programming and busing him to [Solano County] for a new sentencing hearing that will not change his actual prison time. The futility and expense of such a course militates against it." (*People v. Alford* (2010) 180 Cal.App.4th 1463, 1473.) Remand is unnecessary when the record clearly indicates how the trial court would have exercised its discretion. (See *ibid*.; *People v. Gutierrez* (1996) 48 Cal.App.4th 1894, 1896.) In this case, the trial court indicated it would impose concurrent four-year middle terms on each section 12022.5 enhancement if it were required to do so, demonstrating it believed the middle term to be appropriate.

11

The People argue a remand is more appropriate because the court imposed the 10-year upper term for the section 12022.5, subdivision (a), enhancement attached to the attempted robbery conviction in count 1, suggesting it might have believed a longer term was appropriate. We do not agree. When imposing sentence on count 1, the court did state, "a third of the midterm is 1 year, a third of the enhancement under 12022.5 is 3 years 4 months." But the court's comments at the end of the sentencing hearing show it intended to impose all of the firearm enhancements pursuant to section 12022.53, subdivision (b), and not under section 12022.5, subdivision (a). The court's reference to section 12022.5 in connection with count 1 appears to have been a misstatement.

We will therefore modify the judgment to impose and stay a four-year enhancement under section 12022.5, subdivision (a), for the robbery conviction in count 4, which was designated the principal count. As to the remaining robbery and attempted robbery counts (counts 1–3, 5–6), the section 12022.5, subdivision (a), enhancements must be one-third of the four-year middle term because they are attached to consecutive, subordinate counts. (See *People v. Hill* (2004) 119 Cal.App.4th 85, 88–92.)

## DISPOSITION

The judgment is modified to impose and stay the four-year middle term for the section 12022.5, subdivision (a), enhancement attached to the robbery conviction in count 4, and to impose and stay a one-year, four month enhancement under section 12022.5, subdivision (a) (one-third the middle term) on the robbery conviction in count six and the attempted robbery convictions in counts 1, 2, 3 and 5. The abstract of judgment shall be modified accordingly and a copy forwarded to the Department of Corrections and Rehabilitation. As so modified, the judgment is affirmed.

12

_____

NEEDHAM, J.

We concur.

_____

SIMONS, ACTING P.J.

_____

BRUINIERS, J.

(A145868)

Superior Court of Solano County, No. VCP216163, Daniel Healy, Judge

Robert L. Angres under appointment for the Court of Appeal for Defendant and Appellant.

Kamala Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Assistant Attorney General, Seth K. Schalit and Victoria Ratnikova, Deputy Attorneys General, for Plaintiff and Respondent.