Filed 3/24/21 (unmodified opn. attached)

CERTIFIED FOR PARTIAL PUBLICATION[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C084505 |
| Plaintiff and Respondent, | (Super. Ct. No. 16FE005203) |
| v. | ORDER DENYING PETITION FOR REHEARING AND MODIFYING OPINION |
| TANYA MARIE CUMMINGS, | |
| Defendant and Appellant. | [NO CHANGE IN JUDGMENT] |

THE COURT:

Appellant filed a petition for rehearing with this court.  It is now ordered that the partially published opinion filed herein on March 3, 2021, be modified as follows:

---

[*] Pursuant to California Rules of Court, rules 8.1105 and 8.1110, this opinion is certified for publication with the exception of Parts II and III.

1. On page 1, where the footnote reads, "Pursuant to California Rules of Court, rules 8.1105 and 8.1110, this opinion is certified for publication with the exception of Part II" will now read:

Pursuant to California Rules of Court, rules 8.1105 and 8.1110, this opinion is certified for publication with the exception of Parts II and III.

2. On page 2, second paragraph which begins with "Defendant appeals," add to the end of the paragraph: ", and in supplemental briefing (3) based on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), the imposition of the various assessments imposed by the trial court without an ability to pay determination was unconstitutional," so the paragraph will now read:

Defendant appeals, contending that (1) attempted DUI, even with two prior felony DUI convictions, is a misdemeanor under the plain terms of section 23550.5 (2) the trial court erred by ordering her to pay for the cost of her court appointed counsel without a finding of ability to pay or a showing of the actual costs incurred, and in supplemental briefing (3) based on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), the imposition of the various assessments imposed by the trial court without an ability to pay determination was unconstitutional.

3. On page 12, in the third paragraph that begins with "Relying on *People v. Aguilar* (2015) 60 Cal.4th 862" add the short citation (*Aguilar*).

4. On page 12, in the citation that reads "see also *People v. Trujillo* (2015) 60 Cal.4th 850, 858," add the short citation (*Trujillo*).

5. On page 14, before the heading "DISPOSITION" add the heading "III. *Duenas*" and insert the following language with quotes, citations and footnote to begin with number 6, so it reads:

### III. *Dueñas*

At sentencing, the trial court imposed a $300 restitution fine (§ 1202.4), a $300 probation revocation restitution fine stayed (§1202.44), $40 court security fee (Pen. Code, § 1465.8), $30 conviction assessment fee (Gov. Code, § 70373), a $46 monthly probation supervision cost (Pen. Code, § 1203.1b), a $25 urinalysis testing fee, a $390

fine (Veh. Code, § 23550.5)[6] and a $50 fine (Veh. Code, § 23645) plus penalty assessments. In addition, as noted, the court ordered defendant to pay $1525 attorney fees. Relying on *Dueñas*, *supra*, 30 Cal.App.5th 1157, defendant asserts in supplemental briefing that the imposition of these assessments without a finding of ability to pay was unconstitutional.

As for the cost of attorney fees, we already concluded defendant forfeited her objection to that assessment. (*Aguilar*, *supra*, 60 Cal.4th 866.) We conclude the same as to the costs of probation. (*Ibid.*; *Trujillo*, *supra*, 60 Cal.4th at pp. 856, 857-858.)

As for defendant's *Dueñas* claims as to all the assessments, we join the courts concluding *Dueñas* was wrongly decided and hold that defendant was not entitled to an ability to pay hearing for any of the assessments. (*People v. Pack-Ramirez* (2020) 56 Cal.App.5th 851, 860 (*Pack-Ramirez*); *People v. Cota* (2020) 45 Cal.App.5th 786, 794-795; *People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Hicks* (2019) 40 Cal.App.5th 320, review granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055; *People v. Caceres* (2019) 39 Cal.App.5th 917, 923-929.) We therefore reject defendant's contentions based on *Dueñas*.

As for defendant's Eighth Amendment claims, it appears she relies solely on *Dueñas*, but to the extent she does not, we reject that contention as well. As this court recently noted: " 'The Eighth Amendment prohibits the imposition of excessive fines. The word "fine," as used in that provision, has been interpreted to be " 'a payment to a sovereign as punishment for some offense.' " ' " [Citation.] [¶] " 'The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish.' " [Citations.] " '[A] punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense.' [Citation.] To determine whether a fine is excessive in violation of the Eighth Amendment, we consider: '(1) the defendant's culpability; (2) the relationship between the harm and the penalty; (3) the penalties imposed in similar statutes; and (4) the defendant's ability to pay.' [Citation] Accordingly, although ability to pay is part of the proportionality analysis, it is not the only factor.' " (*Pack-Ramirez, supra*, 56 Cal.App.5th at pp. 860-861.) Here, we cannot conclude on this record that the punitive fines imposed were grossly disproportionate to the gravity of the offense. (*Ibid.*)

---

[6] The court applied seven days credit for time served to the $390 Vehicle Code section 23550.5 fine

There is no change in the judgment.  Appellant's petition for rehearing is denied.


BY THE COURT:


      /s/
HULL, Acting P. J.


      /s/
MURRAY, J.

ROBIE, J., Concurring and Dissenting.

I concur in all parts of the Discussion except part III addressing defendant Tanya Marie Cummings's *Dueñas* argument. (*People v. Dueñas* (2019) 30 Cal.App.5th 1157.) As to part III, I concur and dissent. I concur in the majority's conclusion that defendant's challenge to the attorney fees award and costs of probation are forfeited. (*People v. Aguilar* (2015) 60 Cal.4th 862; *People v. Trujillo* (2015) 60 Cal.4th 850.) I dissent to the majority's conclusion that *Dueñas* was wrongly decided. I do not find the analysis in the cases relied upon by the majority to be well-founded or persuasive. I agree with *Dueñas* that principles of due process would preclude a trial court from imposing assessments, fines, and fees if a defendant demonstrates he or she is unable to pay them, unless a defendant has forfeited such a challenge in the trial court. (*Dueñas*, at p. 1168.) In that regard, I believe a limited remand under *Dueñas* is appropriate to permit a hearing on the nonforfeited assessments, fees, and/or fines because defendant's conviction and sentence are not yet final. (See *People v. Castellano* (2019) 33 Cal.App.5th 485, 490-491.)


                    /s/
                    Robie, J.


1

Filed 3/3/21 (unmodified opinion)

<u>CERTIFIED</u> <u>FOR</u> <u>PARTIAL</u> <u>PUBLICATION</u>*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C084505 |
| Plaintiff and Respondent, | (Super. Ct. No. 16FE005203) |
| v. | |
| TANYA MARIE CUMMINGS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Patrick Marlette, Judge.  Affirmed.

Jill Klein, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris and Xavier Becerra, Attorneys General, Michael P. Farrell, Senior Assistant Attorney General, Daniel B. Bernstein, Kevin M. Cornwall, Catherine Chatman and Michael Dolida, Deputy Attorneys General, for Plaintiff and Respondent.

---

*  Pursuant to California Rules of Court, rules 8.1105 and 8.1110, this opinion is certified for publication with the exception of Part II.

1

After entering a plea of no contest to attempted driving with a blood alcohol-level of 0.08 percent or more within 10 years of a felony conviction for driving under the influence (DUI) (Pen. Code, § 664/Veh. Code, §§ 23152, subd. (b), 23550.5[2]) and admitting two prior DUI convictions, defendant Tanya Marie Cummings was granted five years of formal probation.

Defendant appeals, contending that (1) attempted DUI, even with two prior felony DUI convictions, is a misdemeanor under the plain terms of section 23550.5 and (2) the trial court erred by ordering her to pay for the cost of her court appointed counsel without a finding of ability to pay or a showing of the actual costs incurred.

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 16, 2016, a deputy dispatched to a vehicle collision found a vehicle that had crashed through a park fence into a play structure in a playground. Defendant, who was exhibiting objective signs of intoxication, was found nearby. Defendant acknowledged the vehicle was hers but said she loaned it to her cousin and after he called her to inform her of the crash, she walked to the playground. She said she tried to back the vehicle out of the playground, but the wheels were stuck in the wood chips.

Defendant was originally charged with two DUI counts (§ 23152, subds. (a), (b) (counts 1 & 2, respectively).) Additionally, it was alleged under section 23550.5 that defendant had two qualifying prior DUI convictions within 10 years, one for violating section 23152, the other for violating section 23153. Prior to trial, the People filed an amended information adding two counts of attempted DUI with prior DUI convictions (Pen. Code, § 664/Veh. Code, § 23152, subds. (a), (b), § 23550.5 (counts 3 & 4,

---

[2] Undesignated statutory references are to the Vehicle Code in effect at the time of the charged offenses.

2

respectively)), based on defendant's statement to law enforcement that she tried to drive out of the playground, but was unable to move her vehicle.

On the day of trial, the court was informed the parties had arrived at a negotiated resolution, which involved a plea to an attempted DUI count in the proposed amended information. However, counsel for defendant objected to the amendment and informed the court she was not joining in the plea. Counsel argued that attempted DUI is not listed under section 23550.5. Counsel asserted: "We know that the [L]egislature adds attempt when they want to. We know that because we look at the strikes law, and we see that attempt is specifically enum[]erated, so it's my position that a 664 slash 23152 is a misdemeanor, and I don't believe that it's a felony."

After defendant indicated she nevertheless wished to accept the plea offer, counsel reiterated her legal objection, stated that she had advised defendant not to enter the plea, and declined to join in the plea.

The prosecutor replied: "The People's position is that this is a felony given the theory behind *People v[.] Garcia* [(1989) 214 Cal.App.3d Supp. 1 (*Garcia*)]. The People also look to *Mitchell v[.] California Department of Corrections and Rehabilitation* at 2011, US District Lexus 112916[,] . . . [in which] a prior attempted DUI was viewed as a felony, in that the court saw and noted that the defendant in that case went to state prison, which seems to suggest that it was a felony. [¶] The People further argue that this is a felony because in that case priors were used in that way, and here there is nothing that is different in the charging scheme that allows [defendant] to be charged as a felony except for the fact that there may be a question as to driving. It doesn't change that fact that she has two prior felony DUIs which is what is looked at to determine whether the next offense would be a felony."

The trial court stated: "And I have added as well that I reviewed . . . Penal Code Section 664, which by its own terms applies to every felony, and I find no more specific statutes that . . . limits the operation of 664."

3

Defense counsel noted that the issue of whether a felony conviction for attempted DUI was valid had not been raised in the unpublished federal district court case.

The trial court replied: "Well I will say this, I have considered that case, but even if I were to delete that case from my consideration, I would make the same findings." The court then formally took defendant's plea to count 4 as a felony and, on the motion of the prosecution, dismissed the remaining counts in the interest of justice in light of the plea.

## DISCUSSION

### I. Attempted DUI with Priors

#### A. Defendant's Contention

Relying on "the plain language" of section 23550.5 in isolation and case law construing statutes that allow punishment to be added to the usual punishment specified in a statutory sentencing range, defendant contends that attempted DUI cannot be a felony under section 23550.5 because that statute mentions only completed crimes. As we shall discuss, the case law defendant relies on is inapposite based on the reasoning in *People v. Epperson* (2017) 7 Cal.App.5th 385 (*Epperson*), which addressed a felony statute involving a specific sentencing range. Defendant's argument ignores the distinction discussed in *Epperson* between a statute providing for additional punishment or collateral consequences and a statute setting forth a sentencing range to which section 664 applies by default. (*Epperson,* at pp. 388, 390-391.)

#### B. Analysis

Section 23550.5 provides in pertinent part: "(a) A person is guilty of a public offense, punishable by imprisonment in the state prison[3] or confinement in a county jail

---

[3] A crime punishable by imprisonment in state prison is a felony. (Pen. Code, § 17, subd. (a).) Penal Code section 18, subdivision (a) establishes that the unspecified state

for not more than one year . . . if that person is convicted of a violation of Section 23152 or 23153, and the offense occurred within 10 years of any of the following:  [¶]  (1) A separate violation of Section 23152 that was punished as a felony under Section 23550 or this section, or both, or under former Section 23175 or former Section 23175.5, or both.  [¶]  (2) A separate violation of Section 23153 that was punished as a felony.  [¶]  (3) A separate violation of paragraph (1) of subdivision (c) of Section 192 of the Penal Code that was punished as a felony."

Penal Code Section 664 provides in pertinent part:  "Every person who attempts to commit any crime, but fails, or is prevented or intercepted in its perpetration, shall be punished *where no provision is made by law for the punishment of those attempts*, as follows:  [¶] (a) If the crime attempted is punishable by imprisonment in the state prison, or by imprisonment pursuant to subdivision (h) of Section 1170, the person guilty of the attempt shall be punished by imprisonment in the state prison or in a county jail, respectively, for one-half the term of imprisonment prescribed upon a conviction of the offense attempted."  (Italics added.)

Though not specifically made punishable by any provision of the Penal Code, attempted DUI is an offense under California law pursuant to sections 664 and 1159, which provide that the trier of fact may find the defendant guilty of an attempt to commit any offense charged or necessarily included within the charged offense.  (*Garcia, supra*, 214 Cal.App.3d Supp. at p. 4.)  Penal Code section 664 and 1159 "clearly apply to attempted crimes that are not specifically made punishable by provisions of the Penal Code."  (*Garcia*, at p. 2.)  However, in *Garcia*, the attempted DUI was charged as a misdemeanor and the issue addressed by the appellate division was whether attempted DUI is an offense under California law.  (*Ibid*.)  Here, there is no dispute that attempted

---

prison range in section 23550.5 is 16 months, or two or three years.  (*People v. Guillen* (2013) 212 Cal.App.4th 992, 996.)

5

DUI is an offense. The question we must resolve is whether that crime is a felony when the defendant has a qualifying DUI prior.

We begin with Penal Code section 664. Under section 664, "[a]n attempt to commit a felony is a felony punishable by imprisonment 'for one-half the term of imprisonment prescribed upon a conviction of the offense attempted.' " (*People v. Duran* (2004) 124 Cal.App.4th 666, 671 (*Duran*).) As the express terms of section 664 indicate, that statute "pertains, in theory, to 'any crime.' " (*Ibid*.) On the other hand, the Legislature can render section 664 inapplicable to a particular crime by enacting a more specific statute pertaining to that crime. (*In re Maria D.* (2011) 199 Cal.App.4th 109, 115 (*Maria D.*), citing *Duran,* at pp. 670-674.) But where the Legislature has not done so, section 664 must be read together with the statute defining the crime or the punishment therefor and determines the punishment for an attempt to commit that crime. (Cf. *Maria D.,* at pp. 115-116.)

Section 23550.5, which sets forth a felony sentencing range for completed DUI offenses (§§ 23152 and 23153) under the conditions specified therein, does not contain any language that on its face would render section 664 inapplicable to attempted DUIs, and defendant does not cite any authority so construing section 23550.5. Consequently, the fact that section 23550.5 does not mention attempts does not mean that attempted DUI is excluded from its scope. To the contrary, it means that attempts are covered in section 23550.5 when read together with section 664. (*Maria D., supra,* 199 Cal.App.4th at pp. 115-116; *Duran, supra*, 124 Cal.App.4th at p. 671.) Thus, it follows that where the conditions specified in section 23550.5 are satisfied -- that is, where a defendant has sustained a qualifying prior felony DUI conviction within 10 years, as has defendant, -- the commission of attempted DUI is a felony, subject to one-half the felony punishment for the completed crime under section 664.

Attempting to show otherwise, defendant relies on a line of case law which she interprets as holding that if a statute defining the punishment for a crime fails to mention

attempt, the statute does not encompass attempt. These decisions are inapposite, and the rule they stand for is narrower than defendant maintains.

Defendant relies most heavily on *People v. Reed* (2005) 129 Cal.App.4th 1281 (*Reed*). In *Reed*, this court construed Health and Safety Code section 11370.2, subdivision (a), the enhancement for prior narcotics trafficking offenses, which then provided: " 'Any person convicted of a violation of, or a conspiracy to violate, Section 11351, 11351,5, or 11352 shall receive, in addition to any other punishment authorized by law, including Section 667.5 of the Penal Code, a full, separate, and consecutive three-year term for each prior felony conviction of, or for each prior felony conviction of conspiracy to violate, Section 11351, 11351.5, 11352, 11378, 11378.5, 11379, 11379.5, 11380, 11380.5, or 11383, whether or not the prior conviction resulted in a term of imprisonment.' " This court held that because *attempted* possession of a controlled substance for sale was not one of the listed qualifying convictions in Health and Safety Code section 11370.2, subdivision (a), a conviction for that attempted crime does not qualify for an enhanced sentence. (*Reed,* at p. 1283.) As the *Reed* court explained: "Although certain crimes and a conspiracy to commit certain crimes are listed, an *attempt* to commit a certain crime is not listed. An attempt is an offense ' "separate" ' and ' "distinct" ' from the completed crime. [Citations.]" (*Ibid*.) Furthermore, " '[I]f the Legislature had intended to include attempts in the enhancement provisions, it would have specifically stated the enhancement applied[d] to the "commission or attempted commission" of specific crimes . . . .' " (*Id.* at p. 1285.)

The *Reed* court relied upon two cases defendant relies upon here, *People v. Le* (1984) 154 Cal.App.3d 1 and *People v. White* (1987) 188 Cal.App.3d 1128, 1138 (*White*), disapproved on other grounds in *People v. Wims* (1995) 10 Cal.4th 293, 314, fn. 9. (*Reed, supra*, 129 Cal.App.4th at pp. 1283-1285.) In *Le*, the court held that full and consecutive terms under Penal Code sections 667.6, subd. (c), & 1170.1, subd. (i), were not authorized for attempted forced oral copulation because Penal Code section 667.6,

7

subd. (c) did not mention attempts. In *White*, a kidnapping enhancement for attempted rape was stricken because the provision under which the enhancement was imposed (§ 667.8) did not mention attempts. (*White,* at p. 1138.) Additionally, the *Reed* court relied upon *People v. Ibarra* (1982) 134 Cal.App.3d 413, 424-425 (*Ibarra*), where the court held that a violent-felony sentence enhancement for attempted murder should be stricken because the enhancement provision (§ 667.5, subd. (a)) did not list attempts as violent felonies. (*Ibarra*, at pp. 424-425.)[4]

However, so far as this line of case law might appear to support defendant's position, *People v. Epperson, supra,* 7 Cal.App.5th 385, explains why it does not. In *Epperson*, the issue was whether section 213, subdivision (a)(1)(A), which establishes an increased sentencing range for first degree residential robbery in concert but does not mention attempts, applies to attempted residential robbery in concert.[5] In keeping with *Maria D., supra*, 199 Cal.App.4th at pages 115-116, and *Duran, supra*, 124 Cal.App.4th at page 671, the court held that it does. The *Epperson* court reasoned that because the

---

[4] The *Reed* court also cited, but did not discuss, *People v. Finley* (1994) 26 Cal.App.4th 454, 456-459 (*Finley*). (*Reed, supra*, 129 Cal.App.4th at p. 1283.) As will appear, *Finley* is more closely on point than *Reed, White, Le,* or *Ibarra*. It is also supportive of defendant's position, though defendant failed to cite it in her opening brief. The People commendably cited *Finley* and asks us to find that it was wrongly decided. We address *Finley*, *post*.

[5] Section 213, subdivision (a)(1)(A), provides in pertinent part: "Robbery is punishable as follows: [¶] [R]obbery of the first degree is punishable as follows: [¶] [If] the defendant, voluntarily acting in concert with two or more other persons, commits the robbery within an inhabited dwelling house, a vessel as defined in Section 21 of the Harbors and Navigation Code, which is inhabited and designed for habitation, an inhabited floating home as defined in subdivision (d) of Section 18075.55 of the Health and Safety Code, a trailer coach as defined in the Vehicle Code, which is inhabited, or the inhabited portion of any other building, by imprisonment in the state prison for three, six, or nine years." Subparagraph (B) provides that in all cases not included in subparagraph (A), first degree robbery is punishable by a state prison term of three, four, or six years.

statute does not specify the sentencing range for attempts, section 664 applies. (*Epperson,* at p. 388.)

The *Epperson* court then turned to the defendant's argument, based on the very line of decisions cited by defendant in the instant case (*Reed, supra*, 129 Cal.App.4th 1281; *White, supra*, 188 Cal.App.3d 1128; *Le, supra*, 154 Cal.App.3d 1), and distinguished those decisions. As the *Epperson* court noted, "In each of the above cases, the court was faced with a statute authorizing *an additional penalty or collateral consequence* for certain enumerated offenses. The only offenses specified were completed crimes, and no other language in the statutes at issue suggested the provisions applied to attempts to commit those specified crimes. By contrast, section 213, subdivision (a)(1)(A), sets forth *the sentencing range* for a completed first degree residential robbery when committed in concert, and section 664, subdivision (a), provides the punishment for an attempted felony is 'one-half the term of imprisonment prescribed upon a conviction of the offense attempted.' In the case of an attempted first degree residential robbery where an in-concert allegation has been found true, this would be one-half the term of imprisonment prescribed in section 213, subdivision (a)(1)(A). Nothing in section 213, subdivision (a)(1)(A), suggests otherwise." (*Epperson, supra*, 7 Cal.App.5th at pp. 390-391, italics added.)

Defendant's opening brief quoted this passage from *Epperson* as though it supported her argument and failed to discuss the *Epperson* court's distinction between a statute providing for additional punishment or collateral consequences and a statute setting forth a sentencing range. Contrary to defendant's presentation, this passage shows why the case law she relies on is inapposite here. Like the statute construed in *Epperson*, the statute at issue in the instant case does not authorize "an additional penalty or collateral consequence for . . . enumerated offenses." (*Epperson, supra*, 7 Cal.App.5th at p. 390.) Rather, it "sets forth the sentencing range" (*ibid*) for DUIs committed by defendants with prior DUI convictions by declaring that they are to be sentenced as

9

felonies (or as "wobblers") – 16 months, two or three years, or by not more than one year in the county jail. Where a statute performs that function, but mentions only completed crimes, it must be read together with section 664 to determine the appropriate sentence for attempts. (*Epperson*, at p. 388; *Maria D., supra*, 199 Cal.App.4th at pp. 115-116; *Duran, supra*, 124 Cal.App.4th at p. 671.) In other words, section 23550.5 does not omit attempts, as defendant argues; it includes them pursuant to section 664.

Attempting to echo this court's reasoning in *Reed*, *supra*, 129 Cal.App.4th at page 1285, defendant asserts that if the Legislature intended to include attempts in section 23550.5, it could have easily done so and failure to include attempts compels the conclusion that attempted violations of the qualifying DUI offenses is not included. But defendant misses the point. Section 23550.5 does not add additional time to a sentencing range; it establishes a sentencing range for defendants with qualifying prior DUI convictions. And there was no reason for the Legislature to mention attempts in the section 23550.5 sentencing range because the default sentencing range for attempts is set forth in Penal Code section 664. As noted, Penal Code section 664, subdivision (a) provides that attempts "shall be punished *where no provision is made by law for the punishment of those attempts*, as follows" and goes on to specify that "[i]f the crime attempted is punishable by imprisonment in the state prison, or by imprisonment pursuant to subdivision (h) of Section 1170, the person guilty of the attempt shall be punished by imprisonment in the state prison or in a county jail, respectively, for one-half the term of imprisonment prescribed upon a conviction of the offense attempted." (Italics added.)

In their briefing, the People candidly point out *Finley*, *supra*, 26 Cal.App.4th 454, which would yield a contrary result here. We agree with the People and decline to apply *Finley*, which predates *Epperson* by 23 years and also predates *Maria D.* and *Duran*. The court in *Finley* held that under section 314, subdivision (1), recidivist indecent exposure, an attempt crime must be deemed a misdemeanor because the statute defined completed acts of indecent exposure as felonies but did not mention attempts. The *Finley* court

10

relied on *White*, *Le*, and *Ibarra*, though it recognized these decisions were not directly on point. (*Finley*, at pp. 458-459.) For the reasons subsequently discussed in *Maria D., supra*, 199 Cal.App.4th at pages 115-116, *Duran, supra*, 124 Cal.App.4th at page 671, and *Epperson, supra*, 7 Cal.App.5th at pages 388-391, we conclude that because *Finley* relied on a line of case law not applicable in this context, did not recognize the difference between additional punishment and a sentencing range, and further failed to recognize that section 664 is by default incorporated into any criminal sentencing range provision that does not expressly provide otherwise, we respectfully decline to follow *Finley*.

Defendant has failed to show that the trial court erred by accepting her plea to attempted DUI as a felony.

## II.  Cost of Appointed Counsel

Defendant contends the trial court erred by ordering her to pay the costs of appointed counsel's representation without holding a hearing to determine her ability to pay or the actual costs incurred (§ 987.8, subds. (b), (d)(1)); alternatively, defendant requests correction of the minute order to reflect the correct amount of attorney fees imposed. The People assert the issue is forfeited for failure to object below. We agree with the People that the contention is forfeited, but agree the minute order must be corrected.

When defendant entered her plea, she voluntarily waived referral to the probation department for a presentence report and requested immediate judgment and sentence. As a consequence, there is no probation report. The only statements in the record as to the purported costs of appointed counsel's representation are in the minute order/order of probation, which gives those costs as $15,025 and states that defendant shall pay that sum as a court-ordered fee, not as a condition of probation. Additionally, at the end of the specific conditions of probation, the following handwritten notation appears: "attys fees $15,025.00 thru DRR." The record does not indicate where the sum of $15,025 came from.

11

As part of the conditions of probation the court stated: "I will order you to pay the cost of your attorney services which is pretrial disposition it says limited investigation motions *let's make this $1525*. You can . . . talk to the Department of Revenue Recovery about a payment schedule for that. If it turns out that you are satisfied [sic] with that schedule, you have the right to return here." (Italics added.) In response to the court's question, defendant said she understood and accepted the conditions of probation. No objection was made to the assessment for the cost of attorney services.

Before a trial court may order a defendant to pay the costs of appointed counsel's pretrial representation, Penal Code section 987.8, subdivision (b) in effect at the time provided, "the court may, after notice and a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost thereof." Subdivisions (d) and (e) of section 987.8 sets forth procedural safeguards including ordering the defendant to appear before a county officer and a list of enumerated rights related to challenging the assessed costs. Section 987.8, subdivision (g)(2) sets forth factors a trial court should consider when determining ability to pay.

Relying on *People v. Aguilar* (2015) 60 Cal.4th 862, the People assert that defendant has forfeited the issue by failing to object when the trial court made its order. We agree. (*Aguilar*, at p. 866 [defendant forfeited ability to pay claim relative to Penal Code section 1203.1b probation costs and Penal Code section 987.8 cost of court appointed counsel]; see also *People v. Trujillo* (2015) 60 Cal.4th 850, 858 [defendant forfeited objection to imposition of the cost of probation by failing to assert noncompliance with the section 1202.1b procedural safeguards in the trial court].)

It may very well be that defendant did not object because the trial court ordered payment of $1525 instead of $15,025, an apparent discount.[6] Indeed, we read the record,

---

[6] Defendant argues that trial counsel's failure to object may have been the result of a conflict of interest, noting that our high court in *Aguilar* expressly declined to address

12

such as it is, and the court's comment – "let's make this $1525" -- as indicating the court intended to reduce the costs to 10 percent of the stated amount.

The minute order/order of probation is at odds with the oral pronouncement of the trial court. When the oral pronouncement conflicts with the minute order, the oral pronouncement controls. (*People v. Farrell* (2002) 28 Cal.4th 381, 384, fn. 2.) We shall modify the judgment to order payment of the amount ordered by the trial court. (See *People v. Zackery* (2007) 147 Cal.App.4th 380, 388.) Additionally, the assessment cannot be imposed as a condition of probation. (*People v. Bradus* (2007) 149 Cal.App.4th 636, 641.) Accordingly, although not expressly requested in defendant's appellate briefing, her probation conditions must be modified to delete payment of attorney fees from the conditions of probation.

---

such circumstances. We disagree, as it seems more likely there was no objection because it was in defendant's financial interest not to object to the assessment of $1525, ten percent of the stated cost in the minute order/order of probation.

Moreover, no conflict of interest is supported by the record. Defendant was represented by a public defender who receives a salary that is not dependent on defendant paying it. The reimbursement fee does not go to defense counsel but to the county in which defendant is prosecuted. (Pen. Code § 987.8, subd. (e).) The Rules of Professional Conduct also require that defense counsel act competently and avoid interests adverse to the client. (Rules Prof. Conduct, rule 3–110.) On this record, we conclude that if there were grounds to do so, defense counsel would have objected to the apparently discounted appointed counsel fee at sentencing. The failure to so object forfeited the issue on appeal.

We also note that "[a]t any time during the pendency of the judgment [ordering payment of attorney fees], a defendant against whom a judgment has been rendered may petition the rendering court to modify or vacate its previous judgment on the grounds of a change in circumstances with regard to the defendant's ability to pay the judgment." (Pen. Code § 987.8, subd. (h); see *Aguilar, supra*, 60 Cal.4th at p. 868.)

## DISPOSITION

We direct that the trial court correct the minute order/order of probation to reflect the correct amount of attorney fees orally imposed by the trial court, $1525, and to delete payment of those fees from the list of conditions of probation. The judgment is otherwise affirmed.

/s/

MURRAY, J.

We concur:

/s/

HULL, Acting P. J.

/s/

ROBIE, J.